No. 14641

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

HAROLD J. McCLANATHAN,

Claimant and Appellant,

vs.

ED SMITH, Employer,

and

STATE COMPENSATION INSURANCE FUND,

Defendant and Respondent.

---

Appeal from:   Workers' Compensation Court
               Honorable William E. Hunt, Judge presiding.

Counsel of Record:

For Appellant:

Kelly and Foley, Billings, Montana
William Kelly argued, Billings, Montana

For Respondent:

Tim Reardon argued, Helena, Montana

For Amicus Curiae:

Stephen Williams, Butte, Montana
Marra, Wenz, Iwen and Johnson, Great Falls, Montana
Gene A. Picotte, Clancy, Montana

---

Submitted:   November 5, 1979

Decided:   JAN 23 1980

Filed:   JAN 23 1980

_Thomas J. Kearney_
                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is a cross-appeal on a petition for an emergency hearing concerning appellant's termination of disability benefits under the Workers' Compensation Act. From an order of the Workers' Compensation Court in which disability benefits for appellant were partially reinstated, both parties appeal. Amicus curiae briefs were filed by Gene A. Picotte, Alaska Pacific Assurance Company, Industrial Indemnity Company, and Anaconda Copper Company.

Respondent is the State Compensation Insurance Fund, an insurance carrier under the Workers' Compensation Act. Appellant is a former painter who was severely injured in an industrial accident on February 26, 1974. Appellant's employer carried workers' compensation insurance with respondent. The accident occurred when a scaffold collapsed beneath appellant, and appellant fell a distance of approximately 15 to 20 feet, landing on his head. As a result of the accident, appellant sustained permanent brain damage and was unable to resume work as a painter.

At the time of the accident, appellant was married and had two dependents. Since that time appellant has become divorced. He now lives in Kentucky, and his ex-wife and minor children live in Maryland.

Shortly after appellant's accident, appellant applied for and received Social Security disability benefits from the Federal Social Security Administration for himself and his dependents. Appellant's injuries were also deemed compensable under the Montana Workers' Compensation Act. The benefits under the state Act, however, were terminated by respondent pursuant to section 92-702.1, RCM (1947).

That statute provided that, where a claimaint simultaneously received disability benefits under the state workers' compensation fund and the Social Security Act, weekly benefits from the state fund would be reduced by an amount equal to the weekly benefits received under the federal system. In appellant's case, the offset amounted to 100 percent of the funds he was eligible to receive under the State Act. Section 92-702.1, RCM (1947) has since been amended (now section 39-71-702, MCA) to provide that benefits received under the state Act shall be reduced by 50 percent of the benefits received under the Social Security Act.

Appellant protested the termination of his workers' compensation benefits by a petition filed in the Workers' Compensation Court. On November 4, 1977, a hearing was held on appellant's contentions concerning the right to additional compensation. The court took the matter under consideration and briefs were filed by both parties. On July 21, 1978, the court issued findings of facts, conclusions of law, and a judgment concerning the matter. The court held that the 100 percent offset statute, which was in effect at the time of the injury, was unconstitutional. The court then applied the 50 percent offset statute to the matter.

Appellant made an application for rehearing of the matter, but the court denied the request except for a grant of attorney fees made by order of December 19, 1978. On December 26, 1978, appellant appealed, and on January 2, 1979, respondent cross-appealed.

Several issues are raised for our consideration:

1.  Is Montana's offset statute, section 39-71-702, MCA (formerly section 92-702.1, RCM (1947)), ineffective because it only refers to a federal statute which does not provide

-3-

for disability insurance benefits and which has been repealed?

2. Should Montana's offset statute be declared null and void because it conflicts with the legitimate purposes of the federal government?

3. Is Montana's offset statute an unconsitutional denial of equal protection because claimants with dependents, such as appellant, receive less benefits than similarly situated claimants without dependents?

4. Is Montana's offset statute unconstitutional because it discriminates against appellant on the basis of his social condition as a permanent and totally disabled person?

5. Does Montana's offset statute violate federal and state constitutional prohibitions against ex post facto laws?

Respondent raises the following issue as a cross-appeal: Is Montana's former offset statute, section 92-702.1, RCM (1947), constitutionally valid and enforceable? On this appeal we are presented with determining the validity and enforceability of two statutes. The first is Montana's former offset statute, section 92-702.1, RCM (1947), which provided for a 100% offset of Social Security benefits and which was in effect at the time of appellant's injury. The second is Montana's present offset statute, section 39-71-702, MCA, which provides for a 50% offset of Social Security benefits. Those statutes state:

> "In cases where it is determined that periodic
> benefits granted by the Social Security Act,
> 42 U.S.C. 301 (1935), are payable because of
> the injury, the weekly benefits payable under
> this section shall be reduced by the amount of
> federal periodic benefits for such week."
> Section 97-702.1, RCM (1947).

"In cases where it is determined that periodic benefits granted by the Social Security Act, 42 U.S.C. 301 (1935), are payable because of the injury, the weekly benefits payable under this section are reduced, but not below zero, by an amount equal, as nearly as practical, to one-half of the federal periodic benefits for such week." Section 39-71-702, MCA.

The first issue in this case concerns whether Montana's offset statute, section 39-71-702, MCA, is ineffective because it makes specific reference to only one particular subchapter of the Social Security Act, section 301. That section deals with old age and medical assistance benefits and has been repealed. Appellant maintains that the specific reference to section 301 indicates that the statute is limited exclusively in its application to section 301 and does not apply to any other subchapters of the Social Security Act. Because section 301 has been repealed, appellant contends that the statute is thereby rendered ineffective. Appellant further submits that the statute cannot apply because section 301 deals with benefits different from those received by appellant. Appellant's benefits are disability benefits, which are set forth in sections 401 through 434 of the Social Security Act.

Respondent argues that the statute is effective and that such limited application is not proper. Respondent submits that the legislature, in adopting the statute, intended to incorporate all of the relevant subchapters of the Social Security Act into the statute and merely referred to section 301 for purposes of convenience since it was the beginning subchapter of the Act.

In resolving this issue, we are faced with construing the statute. In this connection, we note several well-established principles of construction. First, provisions

of the Workers' Compensation Act are to be liberally construed. Section 39-71-104, MCA. Second, where there is doubt about the meaning of a phrase in a statute, the statute is to be construed in its entirety and the phrase must be given a reasonable construction which will enable it to be harmonized with the entire statute. Dean v. Brandjord (1939), 108 Mont. 447, 457, 92 P.2d 273, 277. Third, statutory construction should not lead to absurd results where reasonable construction will avoid it. Keller v. Smith (1976), 170 Mont. 399, 407, 553 P.2d 1002, 1007. Finally, where a statute is ambiguous, the intention of the legislature is the controlling consideration. Security Bank v. Connors (1976), 170 Mont. 59, 66, 550 P.2d 1313, 1317.

We find that the offset statute here is ambiguous and that it was the intention of the legislature to incorporate all of the relevant subchapters of the Social Security Act into the statute. While it is true that the statute only specifically refers to section 301, it is also true that the statute describes other parts of the Social Security Act in more general terms. The statute refers to the "Social Security Act" and "benefits payable because of the injury." The inference to be made is that the statute covers more than simply section 301 of the Social Security Act. That this is the intention of the legislature is further confirmed by the language of the forerunner of the offset statute, which describes the Social Security Act in terms of its subchapters. In 1971, section 92-701, RCM (1947), stated:

> "In cases where it is determined that periodic disability benefits granted by the federal, old age, survivors, and disability insurance act are payable on account of such injury, the weekly benefits payable pursuant to this section shall be reduced, but not below zero, by an amount equal, as nearly as practical, to one-half of such federal periodic benefits for such week." (Emphasis added.)

-6-

Limiting the statute, as appellant suggests, would lead to a very narrow interpretation and defeat its meaning and purpose. It would create an absurd result where a reasonable construction would avoid it. Finally, it would run contrary to the legislative mandate that provisions of the Workers' Compensation Act be liberally construed.

We find, therefore, that the offset statute is effective and that, despite the repeal of section 301, federal disability insurance benefits are covered under the statute.

The second issue raised by appellant involves determining whether Montana's offset statute conflicts with the legitimate purposes of the federal government and whether, upon the basis of the Supremacy Clause of the United States Constitution, the statute should be declared null and void.

Appellant maintains that Montana's offset statute conflicts with federal law in that the offset deprives a claimant of a substantial portion of cost-of-living increases provided by the Social Security Act. Respondent contends that the offset statute does not conflict with federal law because Congress, in enacting section 42 U.S.C. 424(d), specifically authorized states to pass such offset statutes.

We find, however, that Montana's offset statute should not be applied to that portion of appellant's social security benefits attributable to cost-of-living increases allowed by the federal government. The reason for our holding is found in the federal statutes.

Cost-of-living increases in social security benefits or disability benefits come about by virtue of Public Law 92-336, 86 Stat. 406, 412 (enacted in 1973) and amendments thereto since (42 U.S.C. 415(i)(1), et seq.). Under these statutory provisions, the federal government computes from

year to year increases, if any, in the Consumer Price Index and if the increase exceeds 3%, the primary benefits to which an individual is entitled are increased accordingly. It is important to note that such cost-of-living increases occur under 42 U.S.C. §415.

The federal law also provides in 42 U.S.C. §424, that where an individual receives disability benefits under the Social Security program, and provides payments for such disability under a Workers' Compensation program, his disability benefits may be reduced so his total benefits amount to 80% of his "average current earnings" under the Social Security Act. The same section also provides however, that the federal government will not offset Workers' Compensation benefits in these circumstances:

"(d) The reduction of benefits required by this section shall not be made if the workmen's compensation law or plan under which a periodic benefit is payable provides for reduction thereof when anyone is entitled to benefits under this subchapter on the basis of the wages and self-employment income of an individual entitled to benefits under section 423 of this title."

Therefore, if Montana does not act to offset Workers' Compensation benefits in such cases, the federal act will control. The disabled person will have reduced benefits in any event. However, it is not equitable or necessary that the State reduce his benefits based on cost-of-living increases granted under the federal act. This is recognized, I think, in the provisions of 42 U.S.C. §424(d) quoted above, which refers to "benefits under section 423 of this title."

The benefits to which appellant is entitled under 42 U.S.C. §423 are disability benefits, not cost-of-living benefits, and are defined as "equal to his primary insurance amount for such month" caliculated as though he had attained

-8-

age 62. It is evident that the provisions of 42 U.S.C. §424.(d) allowing the states to provide an offset contemplate only the benefits recoverable under 42 U.S.C. §423, relating to the individual's primary insurance benefits. Therefore, we hold that the state offset may not be used to reduce the benefits accruing to the appellant under the cost-of-living increases provided in 42 U.S.C. §415.

As to the issue raised on cross-appeal, however, we find that Montana's former offset statute, section 92-702.1, RCM (1947), which provided for a 100% offset of Social Security benefits, is constitutionally unenforceable. The statute is in total opposition to federal legislation, in that it deprives a claimant of benefits provided by Social Security legislation, and it does not give a liberal construction to the Workers' Compensation Act so that its humane purposes may be given effect.

Appellant's third issue raises the question of whether the Montana offset statute is an unconstitutional denial of equal protection. Appellant submits that the statute provides for different treatment of classes without a rational basis. Appellant argues that a claimant with dependents, for example, receives less benefits under the Montana offset provision than a similarly situated claimant without dependents. Respondent contends that there is no denial of equal protection, since the difference in treatment is supported by a rational basis. Respondent states that the legislature, within its prerogative, drafted the legislation to benefit the employer and avoid a duplication of benefits.

Montana's offset statute does indeed provide for a difference in treatment with respect to different classes of persons. A claimant with two dependents, such as appellant,

for example, receives less individual benefits than a simi-
larly situated claimant without dependents. The claimant
with two dependents, however, receives approximately $130
more total benefits than his counterpart. Illustrative of
this difference in treatment are the following figures:

| | Claimant w/two dependents | Claimant w/no dependents: |
|---|---|---|
| Social Security Benefits: | | |
| Claimant: | 318.20 | 318.20 |
| 2 Dependents: | 262.60 | -0- |
| Total Benefits | 580.80 | 318.20 |
| | | |
| Workers' Compensation Benefits: | | |
| Before Offset | 440.00 | 440.00 |
| Offset | 292.40 | 159.10 |
| After Offset | 147.60 | 280.90 |
| | | |
| Total Benefits | 728.40 | 599.10 |
| Benefits to | | |
| claimant | 465.80 | 599.10 |

In our analysis of this issue, we must begin with the
proposition that, in challenges of constitutionality, a
statute is given a strong presumption of constitutional
validity. State ex rel. Hammond v. Hager (1972), 160 Mont.
391, 398, 503 P.2d 52, 56.

> "We commence inquiry into the constitutional
> question with the well-settled rule that
> when the constitutionality of a statute is
> under scrutiny, the statute is presumed to
> be constitutional and that the party attack-
> ing it has the burden of proving its invalid-
> ity. [Citations omitted.] This presumption
> of validity applies to all legislative enact-
> ments and it is the duty of the Court to
> resolve all conceivable doubts in favor of
> validity whenever possible. [Citations omitted.]"
> Reeves v. Ille Electric Co. (1976), 170 Mont. 104,
> 109, 551 P.2d 647, 650.

The test in equal protection challenges is whether the
classification is supported by a rational basis. Richardson
v. Belcher (1971), 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d
231; Dandridge v.Williams (1970), 397 U.S. 471, 90 S.Ct.
1153, 25 L.Ed.2d 491. In State v. Jack (1975), 167 Mont.
456, 461, 539 P.2d 726, 729, this Court stated:

"Where the challenge extends to the more general
legislative classifications, the judicial inquiry
must be limited to determining whether the dis-
tinction is justified by a rational basis. Stated
another way, we can determine only whether the law
has a sufficiently reasonable relation to a proper
legislative purpose so as not to be deemed arbi-
trary. [Citations omitted.] In connection with
this standard, a classification having some rea-
sonable basis does not deny equal protection
merely because it is not made with precise mathe-
matical nicety or results in some inequality."

In applying the test, this Court must not be concerned with

the expediency of the statute:

"What a court may think as to the wisdom or ex-
pediency of the legislation is beside the ques-
tion and does not go to the constitutionality of
the statute. We must assume that the legisla-
ture was in a position and had the power to pass
upon the wisdom of the enactment, and in the ab-
sence of an affirmative showing that there was
no valid reason behind the classification, we are
powerless to disturb it." State ex rel. Hammond
v. Hager, supra, at 399, 503 P.2d at 56.

Respondent urges that Montana's offset statute should

be declared constitutional because the legislature, in

adopting the statute, attempted to avoid a duplication of

benefits and benefit the employer. Both of these legislative

purposes have been previously deemed sufficient for upholding

the constitutionality of federal and state offset statutes.

Richardson v. Belcher, supra; Horton v. Fleming Co. (1979),

3 Kan.App.2d 121, 590 P.2d 596; Estate of Baker (1977), 222

Kan. 127, 563 P.2d 431.

In Richardson, the United States Supreme Court held

that the federal offset statute was constitutional because

it avoided a duplication of benefits. The Supreme Court

stated:

". . . In response to renewed criticism of the
overlap between workmen's compensation and the
Social Security disability insurance programs,
Congress re-examined the problem in 1965. Data
submitted to the legislative committee showed
that in 35 of the 50 states, a typical worker
injured in the course of his employment and eli-
gible for both state and federal benefits re-

> ceived compensation for his disability in excess
> of his take home pay prior to the disability
> . . . The legislative response was section 224,
> (42 U.S.C. 424a) which, by limiting total state
> and federal benefits to 80% of the employee's
> average earnings prior to the disability reduced
> the duplication inherent in the programs and at
> the same time allowed a supplement to workmen's
> compensation where state payments were inade-
> quate." Richardson, supra at 82-83, 92 S.Ct.
> at 258, 30 L.Ed.2d at 235-236.

Appellant argues, however, that the rationale employed in Richardson cannot apply to Montana's statute because the method for the computation of the offset is different from the federal statute and is in no way rationally related to avoid a duplication of benefits. Under the Montana statute, the offset is simply computed as one-half of the benefits received under the Social Security Act. Under the federal statute, the offset is computed with reference to a claimant's prior earnings. Whereas the amount received in Montana depends upon such things as a claimant's age or contribution to Social Security, benefits under the federal act depend upon the amount of wages received prior to the claimant's disability.

We believe, however, that this argument relates more to the expediency than its constitutionality. As such, it is not a judicial concern here. In applying the equal protection clause to social and economic legislation, great latitude is given to state legislatures in making classification. Levy v. Louisiana (1968), 391 U.S. 68, 20 L.Ed.2d 436, 88 S.Ct. 1509. Perfection in making classifications is neither possible nor necessary. Neither is mathematical nicety or perfect equality. Rather, where the goals of a classification are legitimate, and the classification is rationally related to the achievement of those goals, the statute should be constitutionally upheld. Here, the avoidance of

duplication or overlapping of benefits is indeed a reasonable and permissive legislative objective. Though there are results in inequality to some, the statute is rationally related to the accomplishment of that objective. The statute is applied to individuals uniformly and equally, the difference in treatment relating only to differences in factual situations between individuals. The fact that appellant lives apart from his dependents creates some unfortunate results in this case.

In adopting this position, we note that Kansas has passed upon a similar question, addressing essentially the same argument presented by appellant in this appeal. In the Estate of Baker, supra, the Kansas Supreme Court upheld a state offset statute for social security death benefits, for which there was no equivalent offset at the federal level. The statute provided that benefits received under the state Workers' Compensation Act would be reduced by an amount equal to one-half of the death benefits payable to a claimant's dependents under the Social Security Act. The Kansas Special Committee on Employer-Employee Relations had recommended the offset, because it "would provide substantial protection at a lower cost to the employer than if workmen's compensation benefits were to duplicate social security benefits." Estate of Baker, 563 P.2d at 435. In upholding the statute, the court stated:

> "The appellant's equal protection argument is es-
> sentially that the classification created by K.S.A.
> 1975 Supp. 44-510b(j) is arbitrary and unreasonable.
> She contends that the 'setoff' provision which re-
> duces payments under the Workmen's Compensation Act
> to widows with minor children, but not to widows
> without minor children or recipients of disability
> benefits, constitutes a denial of equal protection
> of the law.
>
> ". . .

"Based upon the foregoing, we conclude K.S.A. 1975
Supp. 44-510b(j) does not offend the equal protec-
tion guarantee. When the system of wage-loss
protection is viewed as a whole, avoiding
duplication or overlapping of benefits appears
to be a reasonable legislative objective. It
may be said that the classification created
by the statute has a rational basis, is not
arbitrary, and affords like treatment to per-
sons similarly situated." Estate of Baker,
563 P.2d at 434-435.

We hold, therefore, that Montana's offset statute does

not violate the equal protection clause.

Appellant's next issue concerns this state's constitutional

prohibition against discrimination on the basis of one's

social condition. Article II, Section 4, of the 1972 Montana

Constitution, states in pertinent part:

". . . Neither the state nor any person, firm,
corporation, or institution shall discriminate
against any person in the exercise of his civil
or political rights on account of race, color,
sex, culture, social origin or condition, or poli-
tical or religious ideas." (Emphasis added.)

Appellant contends that the offset statute discriminates

against him upon the basis of his social condition as a

parent and totally disabled person. In considering this

issue, we have difficulty in understanding how appellant's

status as a parent and totally disabled person may be called

a "social condition" within the meaning of the Constitution.

Like the delegates at the constitutional convention, we

believe that the words "social condition" were intended to

include and refer to "discriminations based on status of

income and standard of living." See transcript of 1972

Montana Constitutional Convention, at 5059-60. "Social

condition" relates to one's economic status or rank in

society, and the type of discrimination which is sought to

be prohibited by the Constitution is, for example, that type

of discrimination which results solely because one is poor.

As such, appellant's status here does not fall within the protections of the provision.

Appellant's last issue concerns whether Montana's offset provision violates prohibitions against ex post facto laws. We note that appellant has submitted this issue without citing any supportive authority. The issue lacks merit and needs no further discussion.

The judgment of the District Court is affirmed in part and remanded to comply with the provisions of this opinion allowing cost-of-living increases.

We concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Justice