**C. L. FREIER, and all others similarly situated, Appellants,**

v.

**NEW YORK LIFE INSURANCE CO., a foreign corporation, Appellee.**

No. 81–3144.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1981.

Decided June 14, 1982.

Gene A. Picotte, P. C., Clancy, Mont., for appellants.

T. G. Spear, Billings, Mont., argued, for appellee; L. Randall Bishop, Crowley Law Firm, Billings, Mont., on brief.

Before KILKENNY, GOODWIN and POOLE, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant appeals from the judgment of the district court dismissing her complaint under FRCivP 12(b)(6) for failure to state a claim upon which relief might be granted.

## FACTS

In April of 1976, appellant had an industrial accident while employed by Montana-Dakota Utilities Co. in Billings, Montana. Montana-Dakota Utilities Co. was insured under Plan III of the Montana Workers' Compensation Act.

Appellant was involved in a second accident in September of 1977 while employed by Christian, Spring, Sielbach, etc., also in Billings. This second employer was insured by United States Fidelity & Guaranty Company under Plan II of the Montana Workers' Compensation Act. The two accidents have rendered appellant totally disabled.

Since October 5, 1977, appellant has received disability compensation of $113.00 per week from United States Fidelity & Guaranty Company, less a Social Security benefits offset of approximately $40.00. In addition, appellant has received Social Security benefits of about $350.00 per month since September 16, 1977.

In December of 1977, appellant began receiving monthly benefits from New York Life Insurance Co. pursuant to a group term policy issued to Christian, Spring, Sielbach, etc. in October of 1975. On October 25, 1979, appellant received a letter from New York Life informing her that since her present total benefits exceed the maximum monthly benefit of $450.00 under its policy, her further payments would be limited to the monthly minimum benefit of $50.00. In computing the allowable benefits, New York Life was entitled under the terms of the policy to aggregate the beneficiary's "Other Income Benefits."

Appellant challenged this reduction of her benefits by filing a class action suit in federal court. Among other things, she alleged Sherman Antitrust violations, deprivation of Social Security benefits, and violation of 42 U.S.C. § 1983. A copy of the insurance policy was before the court. The district court dismissed the complaint on motion for failure to state a claim upon which relief may be granted. FRCivP 12(b)(6).

## ISSUES

I. Did the district court err in dismissing appellant's Sherman Antitrust claim?

II. Did the district court err in dismissing appellant's § 1983 claim?

III. Did the district court err in dismissing appellant's "Conversion" claims?

## I.

■ In Count I, appellant charges Sherman Antitrust violations against the insurer. She claims that as a result of the "offset" clause in the policy, a restraint of commerce between the states has taken place.

Her argument proceeds as follows. Appellant is a resident of Montana. New York Life is a New York corporation. When New York Life offsets the amount of her other income in calculating its liability, it lowers the amount of its benefit payment. As a consequence, the flow of money into Montana is reduced, and the appellant's ability to spend money in interstate commerce is severely diminished. Therefore, the flow of money, goods, and services in interstate commerce is affected by the "offset" provision.

The district court dismissed the antitrust claim on two alternative grounds. First, it found that appellant's assertions were insufficient to state a direct and substantial impact on interstate commerce. Second, it found that this antitrust claim was barred

by the McCarran-Ferguson Act, 15 U.S.C. §§ 1011–1015. A discussion of the first theory appears unnecessary since, even assuming the requisite impact, the claim is clearly barred by the McCarran-Ferguson Act. The Act was passed by Congress to alleviate the effect upon insurance companies of the decision in *United States v. South-Eastern Underwriters Assn.*, 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440 (1944). This decision had undermined an earlier Supreme Court holding that contracts of insurance were not "commerce." The controlling provision in the McCarran-Ferguson Act declares that "the continued regulation and taxation by the several States of the *business of insurance* is in the public interest, . . ." 15 U.S.C. § 1011 [Emphasis supplied]. The Act goes on to provide that the Federal Antitrust laws "shall be applicable to the business of insurance to the extent that such business *is not regulated by State law*." 15 U.S.C. § 1012(b) [Emphasis supplied].

We agree with the district court that *Securities & Exchange Commission v. National Securities, Inc.*, 393 U.S. 453, 459–460, 89 S.Ct. 564, 568, 21 L.Ed.2d 668 (1969), controls and that the relationship between the insurance company and the appellant on the policy before us is an insurance activity which falls within the definition of "business of insurance", as that language is used in the Act. Moreover, we agree with the court that Montana Code Annotated §§ 33–2–101[1] and 115 (1979) "require approval of policies such as this by the insurance commissioner." Clearly, these statutes along with the more detailed provisions of the Insurance Code and Montana Code Annotated §§ 33–1–101, *et seq.* (1979), constitute state regulation of the insurance industry.

The appellant's argument that "the business of insurers" rather than "business of insurance" is the proper meaning to be placed on the language of the policy is meritless. *Securities & Exchange Commission, supra*, at 459–460, 89 S.Ct. at 568.

---

1. Title 33, Chapter 2 of the Montana Code Annotated, provides for the control of assets and liabilities, the setting of reserves and deposits, the filing of reports, fees and taxes, insurance company investments, rehabilitation and liquidation, stock transfers, affiliation and merger of holding companies and limitation upon risk and reinsurance.

*Group Life & Health Ins. Co. v. Royal Drug Co.*, 440 U.S. 205, 99 S.Ct. 1067, 59 L.Ed.2d 261 (1979), does not support appellant's claim.

Consequently, we affirm the decision of the district court that no Sherman Antitrust action may be prosecuted in the instant case under the prohibition of the McCarran-Ferguson Act.

■ Aside from the bar created by the Act, we hold that the district court correctly ruled that appellant's complaint failed to state a claim for relief under the Sherman Antitrust Act under any circumstance. Under the allegations of the complaint, it is clear that, in good faith, no evidence could be presented of a boycott, price-fixing, tying agreement, restraint of trade, monopoly, coercion, rate making, unfair competition, intimidation, or other factor which might point toward a violation of the antitrust laws.

## II.

■ Appellant urges that the court erred in dismissing her claim under 42 U.S.C. § 1983. To establish a claim under that section, a plaintiff must allege: (1) that defendant was acting "under color of state law" at the time of the acts complained of, and (2) that defendant deprived plaintiff of her right, privilege, or immunity secured by the Constitution or Laws of the United States. *Briley v. State of California*, 564 F.2d 849, 853 (CA9 1977). It is clear to us that appellant failed to allege facts which would form a basis for establishing either requirement.

■ Count II of the amended complaint, the count in question, alleges that appellee is the New York Life Insurance Company, a private insurer authorized to do business within the State of Montana. The business in question in the claim before us is, in the appellant's own words, the issuance to appellant's employers of:

"A group term insurance policy providing, until termination, long term disability income insurance."

In substance, the complaint establishes that the appellee company made a contract with a private employer within the State of Montana and that the appellant is claiming a benefit under that contract. The appellee, as all insurers within the State of Montana, is regulated by the Commissioner of Insurance. The mere fact that a business is regulated by state law or agency does not convert its dealings into acts "under color of state law." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974); *Life Ins. Co. of North America v. Reichardt*, 591 F.2d 499, 501 (CA9 1979). The existence of state action is to be determined after an examination of all the facts and circumstances. *Ouzts v. Maryland Nat. Ins. Co.*, 505 F.2d 547, 550 (CA9 1974). Beyond question, appellant has failed to show the requisite state action. Accordingly, we conclude that her complaint failed to state a claim under 42 U.S.C. § 1983.

## III.

■ Finally, appellant urges that the district court erred in dismissing her "conversion" claims. Counts III and IV of the amended complaint constitute the basis of these claims. On these claims, appellant relies entirely on *McClanathan v. Smith*, 606 P.2d 507 (Mont.1980). In *McClanathan*, the Supreme Court of Montana held that a statute which offset 100% of Social Security benefits received was constitutionally unenforceable because "it deprives a claimant of benefits provided by Social Security legislation, and it does not give a liberal construction to the Workers' Compensation Act so that its humane purposes may be given effect." *Id.* at 512. We agree with the district court that *McClanathan* is clearly distinguishable and that:

"In any event, the facts of the present case don't appear to come within even the broad language of *McClanathan* quoted above. The basic distinction is that *McClanathan* was concerned with a workers' compensation statute—we are concerned here with a private insurance policy. For this reason, the constitutional strictures of *McClanathan* do not seem to apply and Counts III and IV should also be dismissed for failure to state a claim."

Here, we note that the appellant is receiving precisely the monthly benefit to which she is entitled under the terms of the insurance contract before us. She is also receiving the entire sum of Social Security benefits to which she is entitled under the Federal Social Security Act. Her Social Security benefit has in no way been reduced by any amount. To prevail, the appellant would have to prove that appellee engaged in a distinct act of wrongful dominion over the appellant's Social Security benefits in denial of or inconsistent with the appellant's rights to such benefits. Here, it is clear that the appellee has never exercised even the slightest control or dominion over any portion of appellant's Social Security payments. We conclude that *McClanathan* is not in point and that appellant has failed to state a claim under either Counts III or IV.

We have examined all arguments and contentions of the appellant and conclude that the judgment of the lower court must be affirmed.

IT IS SO ORDERED.