May C. TAYLOR and Pearle Taylor,
Plaintiffs-Appellants,

v.

FIRST WYOMING BANK, N.A.; Kemmerer; Mae Jean Julian; Roy A. Jacobsen, Jr.; C. Stuart Brown; Mark L. Gladden; Passalacqua & Mazzoni; Orin Geesey; F. Donald Steadman, and Does One through Twenty, inclusive, Defendants-Appellees.

No. 82–4341.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 16, 1983.

Decided May 23, 1983.

Howard L. Hibbard, Hibbard Legal Clinic, San Mateo, Cal., for plaintiffs-appellants.

Martin Glickfeld, Cartwright, Sucherman, Slobodin & Fowler, Inc., San Francisco, Cal., for defendants-appellees.

Before MERRILL, CHOY and SNEED, Circuit Judges.

MERRILL, Circuit Judge:

In 1970, a Wyoming state court declared Appellant May C. Taylor judicially incompetent. Appellees First Wyoming Bank and certain of its employees were appointed guardian of her person and estate.[1] She was placed in a rest home in Idaho.

According to the complaint, in 1980 Appellant May C. Taylor came to live with her daughter, Appellant Pearle Taylor, in California. The undisputed facts indicate that the guardian obtained an order from the Superior Court of Sonoma County, California, directing that May C. Taylor be placed in a convalescent hospital in Sonoma County pending a hearing to show cause why custody should not be awarded to the guardian. At that point the mother and daughter brought this action under 42 U.S.C. § 1983,[2] alleging that the conduct of the Bank, certain of the Bank's officers and employees, a state court judge, certain doctors, and certain attorneys who had purported to act on behalf of the mother and her guardian, constituted action taken under color of state law and were violations of the mother's civil rights.

The action against the Bank was dismissed on the grounds of improper venue. The action against the judge was dismissed on the grounds of judicial immunity. The actions against the other defendants were dismissed for failure to state a claim upon which relief could be granted. No appeal is taken from the dismissal of the actions against the Bank or the judge. On this appeal, the sole question is whether action taken by a court-appointed guardian under the circumstances here involved can be said to constitute action taken under color of law.

Action under color of state law normally consists of action taken by a public agency or officer. When taken by a private person, "[t]he mere fact that a business is regulated by state law or agency does not convert its dealings into acts 'under color of state law'". *Freier v. New York Life Ins. Co.*, 679 F.2d 780, 783 (9th Cir.1982). A private action may constitute an action under color of state law if the private person wilfully participates in joint action with the state or its agents. See *Briscoe v. Lahue*, —— U.S. ——, ——, 103 S.Ct. 1108, 1113 n. 7, 75 L.Ed.2d 96 (1983); *Baer v. Baer*, 450 F.Supp. 481, 486 (N.D.Cal. 1978). The private action may also be under color of state law if it constitutes the exercise of "some power delegated to [the private person] by the state which is traditionally associated with sovereignty" or is "traditionally exclusively reserved to the state". *Jackson v. Metropolitan Edison*

1. Appellee First Wyoming Bank was guardian of May C. Taylor's estate; Vellano Carera, a First Wyoming Trust employee, was guardian of May C. Taylor's person from 1974 until 1979, when Carera was succeeded by Appellee Mae Jean Julian.

2. 42 U.S.C. § 1983 provides in pertinent part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Company,* 419 U.S. 345, 352, 95 S.Ct. 449, 454, 42 L.Ed.2d 477 (1974); *see Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 157, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).

In *Musso v. Suriano,* 586 F.2d 59, 63 (7th Cir.1978), *cert. denied,* 440 U.S. 971, 99 S.Ct. 1534, 59 L.Ed.2d 788 (1979), the court applied the test as stated in *Flagg Brothers* to a private nursing home. It held that acts performed by the home and its employees did not constitute action under color of state law, noting that "[c]are of the elderly and infirm has traditionally been a function associated with the family, not with sovereignty". 586 F.2d at 63.

The same result was reached in the case of a private orphanage in *Henig v. Odorioso,* 385 F.2d 491, 495 (3d Cir.1967), *cert. denied,* 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968).

The case would be different if the person requiring care and attention had in effect been made a ward of the state. In *Perez v. Sugarman,* 499 F.2d 761 (2d Cir.1974), child welfare officials of New York City took custody of certain children whose mother had been taken to a hospital. The officials placed the children in private child-caring institutions which refused to return them to their mother on her discharge from the hospital. *Id.* at 763. She brought suit under § 1983. State law provided that government officials "shall be responsible for the welfare of children who are in need of public assistance", and that the state officials in fulfilling this responsibility could act "through an authorized agency". *Id.* at 765. The court held that the actions of the child-care institutions were actions under color of state law, concluding that "it is the State which in effect is providing the care *through* the private institution." *Id.*

3. In *Hohensee v. Grier,* 373 F.Supp. 1358, 1364 (M.D.Pa.1974), *aff'd without opinion,* 524 F.2d 1403 (3d Cir.1975), *cert. denied,* 426 U.S. 940, 96 S.Ct. 2659, 49 L.Ed.2d 392 (1976), the court indicated that the actions of a court-appointed receiver of a corporation could be considered state action. The court noted, however, that a receivership, like an injunction, is an extraordinary remedy constituting the hand or arm of the court, and is subject to the court's exclusive control. The same cannot be said of a court-appointed guardian.

 Here the state is not responsible for the care of the mother and is not providing for her care. The mother is in no sense a ward or responsibility of the state. The guardian, in the performance of her duties, was not participating in joint action with the state or acting for the state or serving a public function. Her actions did not constitute the exercise of power traditionally associated with sovereignty or reserved to the state.[3]

We conclude that the actions of the guardian did not constitute action under color of state law and that the § 1983 action against the guardian was properly dismissed for failure to state a claim.[4]

JUDGMENT AFFIRMED.

4. We find no merit in any of Appellants' other contentions. The contentions regarding the doctor are irrelevant because the doctor is not a party to this appeal. The actions of the lawyers simply did not constitute action under color of state law. With respect to Appellants' claim against the lawyers under 42 U.S.C. § 1985(3), it is meritless in that it fails to allege a denial of equal protection of the laws.