No. 90-181

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

JERRY STAHL,

             Petitioner and Appellant,

    -vs-

RAMSEY CONSTRUCTION CO.,
             Employer,
    and

STATE COMPENSATION MUTUAL INSURANCE FUND,

             Insurer, Defendant and Respondent.

APPEAL FROM:   The Workers' Compensation Court,
               The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

             Lloyd E. Hartford, Billings, Montana

        For Respondent:

             Laurence Hubbard, State Comp. Mutual Ins. Fund,
             Helena, Montana

FILED

MAY 16 1991

Filed: Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs:   March 28, 1991

Decided:  May 16, 1991

Justice Fred J. Weber Delivered the Opinion of the Court.

Claimant, Jerry Stahl, appeals from an order of the Workers' Compensation Court granting summary judgment to State Compensation Mutual Insurance Fund (State Fund). We affirm.

The issues are:

1. Is State Fund entitled to offset auxiliary social security disability benefits paid to Mr. Stahl's minor child when the benefits are paid directly to the minor child's mother?

2. Is State Fund entitled to offset a portion of Mr. Stahl's retroactive social security disability benefits which are paid to his attorney as an authorized attorney's fee for legal services rendered in obtaining those benefits?

3. Should State Fund be required to bear an equal share of costs and attorney's fees incurred by Mr. Stahl to establish his social security claim?

In 1985, Mr. Stahl suffered a compensable injury to his back and began receiving workers' compensation benefits. Subsequently he filed an application for social security disability benefits. The social security claim was denied, and Mr. Stahl retained legal counsel to pursue his claim. Following litigation, the Social Security Administration determined that Mr. Stahl was entitled to retroactive social security disability benefits in the amount of $31,744.00 with $23,800.03 paid directly to him and $7,943.97 withheld for direct payment of attorney's fees. Mr. Stahl's minor son was determined to be entitled to retroactive benefits in the amount of $16,656.00 with $12,668.00 paid directly to the minor

2

child's mother and $3,968.00 withheld for direct payment of attorney's fees.

State Fund determined that it was entitled under § 39-71-701, MCA, to an offset against the retroactive social security payments as well as future weekly social security benefits. Mr. Stahl challenges State Fund's right to offset for the auxiliary benefits that go directly to his minor child's mother, and to the portion of the retroactive benefits that go directly to the attorney who litigated the social security claim. In addition, Mr. Stahl asserts that since State Fund receives an offset benefit from the litigation against Social Security, State Fund should be required to help pay for the costs of litigation.

I

Is State Fund entitled to offset auxiliary social security disability benefits paid to Mr. Stahl's minor child when the benefits are paid directly to the minor child's mother?

Section 39-71-701(2), MCA, provides:

In cases where it is determined that periodic disability benefits granted by the Social Security Act are payable because of the injury, the weekly benefits payable under this section are reduced, but not below zero, by an amount equal, as nearly as practical, to one-half the federal periodic benefits for such week, which amount is to be calculated from the date of the disability social security entitlement. (Emphasis added.)

Mr. Stahl argues that since the social security disability benefits for his child go directly to the child's mother, he receives no economic benefit from those payments. He cites McClanathan v. Smith (1980), 186 Mont. 56, 606 P.2d 507, for the proposition that because he does not personally receive the funds

3

there is no duplication of benefits and therefore no basis for the offset. Mr. Stahl acknowledges that McClanathan affirms the insurer's right to offset auxiliary benefits; however he attempts to distinguish McClanathan because the opinion does not directly address whether § 39-71-701(2), MCA, entitles the State Fund to take an offset where auxiliary benefits are payable to the dependent at a different address than the claimant's.

Section 39-71-701(2), MCA, does not distinguish between primary and auxiliary benefits. The statute applies to all benefits "payable because of the injury". In McClanathan, the claimant's dependents also lived with someone other than the claimant. Mr. Stahl cannot reasonably argue that he receives no economic benefit from auxiliary benefits that go to a dependent for whom he is legally responsible. We hold that the State Fund is entitled to offset auxiliary social security disability benefits paid to Mr. Stahl's minor child when the benefits are paid directly to the minor child's mother, even though they reside at a different address.

II

Is State Fund entitled to offset a portion of Mr. Stahl's retroactive social security disability benefits which are paid to his attorney as an authorized attorney's fee for legal services rendered in obtaining those benefits?

Mr. Stahl asserts that he received no economic benefit from the amount of the retroactive social security disability benefits that go directly to the attorney because he did not personally

4

receive those funds. This argument is without merit. Mr. Stahl cannot reasonably assert that he received no economic benefit from the services of the attorney in his litigation against Social Security.

Mr. Stahl also asserts that by allowing State Fund to offset the portion of the retroactive social security disability benefits that were paid directly to the attorney, it unfairly placed on him the entire burden of attorney's fees and costs for the social security claim because State Fund was also benefited by the right to an offset.

Section 39-71-701(2), MCA, specifically gives the State Fund the right to offset an amount equal to one half the benefits "payable because of the injury" without consideration of attorney's fees or costs of collection. In the absence of statutory or contractual authority for the claimant's position, we conclude there is no basis to deny the State Fund's right to offset that portion of the social security benefits that are paid to the attorney.

Under the Summary Judgment Order of the Workers' Compensation Court the retroactive primary social security benefits in the amount of $31,744.00 payable to Mr. Stahl will be divided as follows: $15,872.00 as offset to State Fund, $7,943.97 directly to the attorney, and $7,928.03 to Mr. Stahl. The retroactive auxiliary social security benefits in the amount of $16,656.00 payable to Mr. Stahl's son will be divided as follows: $8,328.00 as offset to State Fund, $ 3,968.00 directly to the attorney, and

5

$4,360.00 to Mr. Stahl's son. On its face such division does not seem entirely fair. However, it is the legislature which determines what portion of social security benefits are to go to the claimant as compared to the State Fund. While it may be argued it is unfair to the claimant, the statute clearly establishes the division of the funds.

We hold that under § 39-71-701(2), MCA, the State Fund is entitled to offset a portion of Mr. Stahl's retroactive social security benefits which are paid to his attorney as an authorized attorney's fee for legal services rendered in obtaining those benefits.

### III

Should State Fund be required to bear an equal share of costs and attorney's fees incurred by Mr. Stahl to establish his social security claim?

This issue is an alternative argument to issue II. Absent statutory or contractual authority to support Mr. Stahl's claim, this issue fails for the same reasons discussed under issue II.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6