999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benny S. GOMEZ, Plaintiff-Appellant,
v.
LABORERS LOCAL UNION # 220; Mike Curry, Business Manager,
et al., Defendants-Appellees.
 No. 92-16887.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benny S. Gomez appeals pro se the district court's award of summary judgment to the defendants in his civil rights action. Gomez contends his rights under 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986 were violated when a member of Laborers Local Union # 220 refused to refer Gomez for employment because he is Hispanic. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review the trial court's entry of summary judgment de novo. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). A summary judgment must be affirmed "only where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Id. (quoting Fed.R.Civ.P. 56(c)). "The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial." Id. (citation omitted).
 
 
 4
 Gomez alleged in his complaint that on April 10, 1991, Shannon R. Evans called the union to request Gomez as a rehire to work at the Wasco Prison construction site, and an unnamed union representative told Mr. Evans that Gomez was unavailable. Gomez alleged that the union refused to dispatch him because of his race.[1] The district court found that Gomez did not meet his burden of demonstrating the existence of a genuine issue of fact for trial. We agree.
 
 
 5
 Claims under 42 U.S.C. §§ 1981 and 1985(3) require some showing of intentional discrimination on account of race. Evans v. McKay, 869 F.2d 1341, 1344-45 & n. 3 (9th Cir.1989). A claim under 42 U.S.C. § 1986 is contingent upon a valid § 1985 claim. Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir.1985).
 
 
 6
 Here, the defendants introduced evidence that during the relevant time period the union's membership was predominantly Hispanic; its Executive Board was predominantly Hispanic; most of its dispatches were of Hispanic workers; and most of the dispatches to the employer in question were of Hispanic workers. In addition, the defendants submitted affidavits in which they deny that Gomez was ever refused a dispatch because of race.
 
 
 7
 In rebuttal, Gomez introduced no evidence that the union acted discriminatorily. Gomez was unable to identify the person who allegedly refused to dispatch him. His sole piece of evidence was the affidavit of Shannon Evans stating that when he called the union to request Gomez as a rehire, the union representative indicated Gomez was unavailable.[2] This evidence is insufficient to create a genuine issue of fact with respect to racial animus. Summary judgment was therefore appropriate on Gomez's §§ 1981, 1985(3) and 1986 claims.
 
 
 8
 To support his § 1983 claim, Gomez was required to present evidence that the defendants deprived him of a federal or constitutional right while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State...." 42 U.S.C. § 1983 (1979); Gomez v. Toledo, 446 U.S. 635, 638 (1980). Private action may constitute action under color of state law if the private actor wilfully participates in joint action with the state or its agents, or if the action constitutes the exercise of some power delegated by the state which is traditionally associated with sovereignty or is traditionally exclusively reserved to the state. Taylor v. First Wyoming Bank, N.A., 707 F.2d 388, 389 (9th Cir.1983).
 
 
 9
 Gomez alleged in his complaint that the defendants, a labor union and some of its members, "acted pursuant to firmly established and adopted policy, usage, and custom of [the union]." Gomez introduced no evidence that the defendants acted under color of state law. Summary judgment was therefore appropriate on Gomez's § 1983 claim.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gomez testified in his deposition that the union refused to dispatch him in retaliation for his having run for union office against one of the defendants. Gomez contends for the first time on appeal that the district court should have granted him leave to amend his complaint to allege retaliation. We need not address the issue because it was not raised below. See New Hampshire Ins. Co. v. Vieira, 930 F.2d 696, 702 (9th Cir.1991). Nevertheless, Gomez's proposed amendment of the complaint would be futile because it would state no additional facts that would entitle him to relief
 
 
 [2]
 At the summary judgment hearing, Gomez requested and received an additional five days to present more evidence. The only additional evidence he introduced was the defendants' responses to interrogatories served after the summary judgment hearing. The responses provided no additional facts to support his claims