15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lisa A. JOHNSON, D.D.S., Plaintiff-Appellant,
v.
HOME SAVINGS OF AMERICA, FSB; Serrano Reconveyance Co.;
City of Hayward, et al., Defendants-Appellees.
 No. 93-15091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 12, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lisa A. Johnson, D.D.S., appeals pro se the district court's dismissal of her civil rights action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The court dismissed the action against Home Savings of America, FSB ("Home") under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.[1] We review such a dismissal de novo, and affirm only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1990) (quotation omitted).
 
 
 4
 The complaint, liberally construed, alleged that Home breached its contract with Johnson by commencing foreclosure proceedings against her property, and that Home conspired with the other defendants to deprive Johnson of her property in violation of her civil rights under 42 U.S.C. Secs. 1983 and 1985.
 
 
 5
 Section 1983 provides a remedy against any person acting under color of state law who deprives another of a right created by federal law. Collins v. City of Harker Heights, 112 S.Ct. 1061, 1065-66 (1992). Johnson's claim that Home breached its contractual obligations fails to allege any federal rights violation. See id. Moreover, because Johnson failed to allege that Home acted under color of state law, she failed to state a claim upon which relief may be granted. See Taylor v. First Wyoming Bank, N.A., 707 F.2d 388, 389-90 (9th Cir.1983).
 
 
 6
 Johnson's conspiracy allegations also fail to state a claim. Johnson has failed to allege any specific facts to support a conspiracy claim. Conclusory allegations of conspiracy are insufficient to state a claim under section 1983. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam). The court's dismissal of the action as to Home was therefore proper.
 
 
 7
 The court dismissed the remaining defendants without prejudice for failure to serve them within 120 days as required by Fed.R.Civ.P. 4(j). We review a dismissal under Rule 4(j) for abuse of discretion. Puett v. Blandford, 912 F.2d 270, 273 (9th Cir.1990). Dismissal without prejudice is mandatory unless the plaintiff has demonstrated "good cause," or excusable neglect, for the failure to serve. Fed.R.Civ.P. 4(j); Boudette v. Barnette, 923 F.2d 754, 755-56 (9th Cir.1991).
 
 
 8
 On September 17, 1992, the district court ordered Johnson to file proper proof of service of the remaining defendants or show good cause in writing by October 19, 1992, for not doing so, or suffer dismissal. Johnson failed to file the proof of service or respond to the order to show cause. The court therefore did not abuse its discretion in dismissing the action without prejudice as to the remaining defendants on December 10, 1992. See Boudette, 923 F.2d at 755-56.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Johnson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court also relied on Fed.R.Civ.P. 41(b). We need not reach this issue because we affirm on other grounds