Bobby W. RUE, Sr., Appellant,

v.

KENTUCKY RETIREMENT
SYSTEMS, Appellee.

No. 1999–CA–001071–MR.

Court of Appeals of Kentucky.

May 12, 2000.

Rehearing Denied July 7, 2000.

Discretionary Review Denied
by Supreme Court Dec. 13, 2000.

Richard M. Guarnieri, Frankfort, for appellant.

J. Eric Wampler, Frankfort, for appellee.

Before: DYCHE, EMBERTON and KNOPF, Judges.

## OPINION

EMBERTON, Judge:

The sole question in this appeal is whether the Kentucky Retirement Sys-

tems correctly calculated the amount of Bobby Rue's disability retirement benefit in accordance with the mandate set out in Kentucky Revised Statutes (KRS) 61.607. Finding no error in the methodology used by the retirement systems in arriving at the amount of appellant's "combined monthly benefit," we affirm the judgment.

Rue was unable to return to work after sustaining a back injury in the course of his employment as a mechanic with the Kentucky State Police. As part of his application for disability retirement benefits, Rue informed the retirement systems that he also had pending applications for social security benefits and workers' compensation benefits. In the administrative hearing Rue testified that he was advised that the total of his disability benefits, specifically his social security benefit and his workers' compensation award, could not exceed the amount he was making at the time of his injury. Rue argues in this appeal, however, that in calculating the total of the benefits he is receiving, the retirement systems erred in using the gross amount of his workers' compensation award instead of the reduced amount he actually receives after deduction of attorney's fees.

KRS 61.607 provides in pertinent part:

Notwithstanding any other provisions of KRS 16.505 to 16.652, 61.510 to 61.705, or 78.510 to 78.852, a maximum disability benefit is hereby established which shall apply, upon disability retirement, to any disabled employee's account to which service credit is added to determine disability benefits or in any case where disability benefits are determined by computing a percentage of the disabled employee's final monthly rate of pay. The maximum disability benefit shall be determined by the following formula:

(1) Add the monthly benefit payable to the disabled employee from the retirement system, using the monthly disability retirement allowance (not optional plan) but excluding dependent children's allowances, if any, to his monthly benefit, if any, from Social Security, even though these payments may not begin for a period of time as required for qualification under the federal Social Security law, excluding spouse or dependent benefits, and his monthly benefit, if any, from workers' compensation, even though these payments may not have begun as of the date the disabled member applies for disability retirement benefits, excluding spouse or dependent children's allowances, from workers' compensation, to arrive at a projected combined monthly benefit.

(2) If the projected combined monthly benefit exceeds one hundred percent (100%) of the disabled employee's final rate of pay or his final compensation, whichever is greater, his disability retirement allowance from the retirement system shall be reduced to an amount which would cause his projected combined monthly benefit to equal one hundred percent (100%) of his final rate of pay or his final compensation, whichever is greater; . . . .

Thus the plain language of the statute dictates that the combined monthly benefit is to be determined using the basic disability allowance, not the amount the employee receives if he selects any of the various optional plans available to him. Next, the statute requires addition of the amount of the basic disability allowance to amounts the employee may be receiving from federal social security or a workers' compensation award. In this regard, the statute specifies which allowances shall not be considered. Rue insists that the amount used in establishing the workers' compensation component of the combined monthly benefit is erroneous because he does not actually receive that amount, having elected to have his award reduced by the amount of attorney's fees related to the compensation proceeding. We disagree.

■ First, the statute is clear in providing which allowances are not to be considered. If the General Assembly intended to reduce the amount of the workers' compensation award by applicable attorney's fees, the wording of the statute would have reflected that intent. We are not free to add words to statutory enactments in order to enlarge their scope beyond that which can be gleaned from a reading of the words used by the legislature.

■ Second, Kentucky is not one of the several states that treat attorney's fees as an "add-on" or double benefit that the employer must pay in addition to the compensation award itself.[1] It is well settled in this Commonwealth that under our statutory scheme the payment of legal fees remains at all times the personal responsibility of the claimant. This is true despite the fact that our statutes require approval of the fee and offer a claimant the option of paying that obligation "up-front" through reduced monthly benefit proceeds. Thus, the reduction of Rue's workers' compensation award by the amount he owed his attorney merely represents a voluntary election as to the manner he would pay that debt. The obligation to pay one's attorney remains a matter separate and distinct from the award of compensation benefits. Allowing a claimant to reduce his compensation award in order to satisfy his attorney's entitlement to a fee is, in reality, offered as a convenience to the claimant. As the court noted in *Jerry's Drive–In, Inc. v. Young*,[2] the function of KRS 342.320 "is to allow the attorney a fee for services performed his client and at the same time not invoke an immediate burden upon the client."

Other jurisdictions with similar statutory schemes have reached similar results. For example, the Maryland Court of Appeals engaged in a comparable analysis in concluding that a statutory lien for attorney's fees merely alters the manner in which the employer discharges his liability for the compensation award; it makes the employee no less responsible for payment of the fee.[3] Likewise, in *Garietz v. City of Oakland*,[4] the California Court of Appeals concluded that the full amount of a workers' compensation award, including attorney's fees, could be credited and offset against a disability retirement allowance. In *Stahl v. Ramsey Construction Company*,[5] the Montana Supreme Court concluded that under its statutory scheme the state workers' compensation fund was entitled to offset that portion of the claimant's social security benefits that had been paid to his attorney, rejecting the claim that no economic benefit had been derived since the claimant had not personally received the funds. Finally, in *Regnier v. Department of Labor and Industries of the State of Washington*,[6] the court denied the claimant's attempt to exclude medical and legal expenses incurred in obtaining her disability benefits from a statutory offset provision stating:

> The Legislature has not seen fit to provide benefits to cover the expenses of establishing eligibility for disability benefits, and there is no precedent for a judicial award thereof. It would be inappropriate for this court to create such benefits, and we decline to do so.[7]

We are convinced that to allow Rue to offset only his net award is to provide him a benefit our legislature did not intend.

■ Furthermore, in a similar vein, we are convinced that it cannot be legiti-

1. *See Larson's Workers' Compensation Law*, Volume 8, §§ 83.11 and 83.12 (1999).

2. Ky., 335 S.W.2d 321, 322 (1960).

3. *Feissner v. Prince George's County*, 282 Md. 413, 384 A.2d 742 (1978).

4. 20 Cal.App.3d 115, 97 Cal.Rptr. 374 (1971).

5. 248 Mont. 271, 811 P.2d 546 (1991).

6. 110 Wash.2d 60, 749 P.2d 1299 (1988).

7. 749 P.2d at 1302.

mately argued that because a paycheck is reduced by voluntary deductions for insurance, car payments, deferred compensation and the like, the amount of take-home pay presents the true amount of one's compensation. We view Rue's suggested methodology for computing the amount of his workers' compensation award in much the same light. It simply cannot be reconciled with our statutory scheme. We therefore hold that the formula utilized by the retirement systems fully comports with the statutory intent. The Franklin Circuit Court properly upheld the decision of the administrative body.

The judgment is affirmed.

ALL CONCUR.