SCHOTT, Judge.
The principal issue in this worker's compensation case is how to compute the pre-accident earnings of plaintiff, who was under contract with the Times Picayune newspaper company (hereinafter appellant) as an independent newspaper distributor or dealer. A secondary issue concerns appellant’s entitlement under LSA R.S. 23:1225 to a credit for social security benefits received by plaintiff. Plaintiff was injured while engaged in his occupation on February 5, 1983 and was rendered permanently, totally disabled.
In 1982 his gross receipts were $28,057 which included a bonus of $824.00 paid to him by appellant. On his income tax return, for 1982 plaintiff deducted the amount he paid appellant for the newspapers as well as expenses for his truck and for casual labor used in the delivery of newspapers. This resulted in net earnings of $3,273.00 which appellant contends is the annual amount of earnings from which his compensation should be computed.
When plaintiff originally filed his claim for compensation he estimated his earnings at $500.00 per week, based roughly on his gross receipts from the sale of the newspapers. The trial court computed his average weekly wage for 1982 to be $300.00; found that appellant’s entitlement to credit for social security benefits received by plaintiff was contingent on plantiff’s decision to collect social security benefits; and awarded plaintiff penalties and attorney fees of $3,000.00. Plaintiff likewise appealed for the purpose of seeking an increase in the attorney fees to compensate him for the appeal.
R.S. 23:1021(10)(d) provides the method of determining plaintiff's average weekly wage for compensation purposes:
Other wages. If the employee is employed on a unit, piecework, commission or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by four.
Plaintiff argues that “gross earnings” means the total he received from customers for papers. Defendant argues that it means the amount he reported for tax purposes. We reject both approaches.
The cost of the papers to plaintiff and the price at which he sells them is controlled by appellant. On the other hand, as a dealer plaintiff is free to distribute his papers any way he chooses. Whether he works with his family, as plaintiff did, or hires outsiders, whether he uses his own motor vehicle, as plaintiff did, or walks or uses a bicycle, whether he hires four delivery people, as plaintiff did, or more, is his choice and is of no concern to appellant whose only interest is distributing and getting paid for its papers. As we see the relationship plaintiff is an entrepreneur who is essentially being paid a commission for delivery of appellant’s papers and collecting for them. The commission is the difference between what plaintiff collected and what he paid for the papers plus a bonus he received from appellant. Therefore, we apply the formula quoted above.
The first step is to determine plaitiff’s gross earnings for the twenty-six week pe *1327 riod preceding the accident. Since he worked approximately five weeks in 1983 we count these plus twenty one weeks in 1982.
1982 1983
Gross Receipts for year $27,233.00 $31,462.00
Less cost paid to appellant 16,436.00 20,612.00
$10,797.00 $10,850.00
Plus bonus 824.00 737.00
$11,621.00 $11,587.00
Weekly average $233.48 $222.83
Twenty-one weeks @ 233.48 = $4,693.08
Five weeks @ 222.83 = $1,114.15
Gross earnings for twenty-six $5,807.23
weeks preceding the accident.
Next, the statute requires these gross earnings to be divided by the number of days actually worked during the twenty-six week period and multiplied by four. Plaintiff worked everyday, seven days a week, including holidays. Thus gross earnings:
5,807.23 = $31.91 x 4 = $127.64 182
Plaintiff is therefore entitled to weekly compensation in the amount of 66% percent of his weekly wage of $127.64 or $85.09 subject to the question of the effect of his entitlement to social security benefits.
The records of the Social Security Administration disclosed that plaintiff was awarded $244.90 per month beginning in November, 1983 for disability. When he started receiving worker’s compensation benefits this amount was reduced to $18 per month. When compensation was discontinued in May, 1985 social security benefits were increased to $263.30 per month. An employee of the Social Security Administration testified that plaintiff’s initial entitlement to benefits was based on disability but the basis was converted to retirement when he attained sixty-five years of age. She further explained that the amount of benefits was the same and only the office within the Administration originating the payments was changed.
R.S. 23:1225(A) provides that an employee’s worker’s compensation benefits for permanent total disability shall be reduced when he “is entitled to and receiving benefits” under social security. In Lofton v. Louisiana Pacific Corp., 423 So.2d 1255 (La.App. 1st Cir.1983) there is an excellent discussion of the history and legislative intent behind the enactment of R.S. 23:1225. Prior to its enactment, social security benefits were routinely reduced by the amount of compensation. Now the compensation benefits could be reduced by the amount of social security benefits. The burden could now be shifted from Louisiana employers and insurers to the social security fund. In no way is the worker penalized because he receives the same total benefits one way or the other. Since the evidence shows that plaintiff was entitled to and receiving $244.90 per month in 1983 and $263.30 per month at trial time his worker’s compensation benefits are to be reduced accordingly.
Considering the result we have reached we decline to increase the amount of attorney’s fees awarded to plaintiff by the trial court.
Accordingly, the judgment of the trial court is amended to specify that the amount awarded plaintiff for permanent total disability is $85.09 per week with said amount reduced by the amount of the social security benefits he is entitled to and receiving. In all other respects the judgment is affirmed.
AMENDED AND AFFIRMED.