[No. 53176-5.  En Banc.  February 18, 1988.]

STELLA REGNIER, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*William T. Scharnikow* (of *Prediletto, Halpin, Cannon & Scharnikow, P.S.*), for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *A. Craig McDonald, Assistant,* for respondent.

GOODLOE, J.—RCW 51.32.220 provides that when a recipient of state industrial insurance benefits also begins receiving social security disability benefits for the same injury, the state benefits will be reduced so that the total benefits received will not exceed 80 percent of the recipient's pre–injury income. Appellant, Stella Regnier, argues that an exemption or credit should be allowed against this reduction in state benefits to cover legal and medical expenses incurred in proving eligibility for the social security benefits so that she would receive a total of 80 percent of her pre–injury income plus the amount of those legal and medical expenses. The Board of Industrial Insurance Appeals (board) denied her request for an exemption or credit. The Benton County Superior Court affirmed. The case is before this court on direct review. We affirm.

Stella Regnier was injured in the course of her employment on July 30, 1979. She filed a claim for industrial insurance, and the Department of Labor and Industries (department) awarded her benefits for a 15 percent permanent partial disability. On June 25, 1981, Mrs. Regnier filed an application to reopen her claim for worsening of condition. The application was initially denied, but was later granted.

Mrs. Regnier also sought and obtained federal social security disability benefits for her injury. As a result, the department reduced her state industrial insurance benefits under RCW 51.32.220(1), which provides that industrial insurance benefits may be reduced when a claimant under the age of 65 also begins receiving social security disability

benefits for the injury upon which the industrial insurance benefits are based.

There were several interim and correcting orders concerning the precise amount of Mrs. Regnier's benefits. She appealed the final order to the Board of Industrial Insurance Appeals, where the parties stipulated to the above referenced facts and that Mrs. Regnier had incurred medical and legal expenses in obtaining both her social security disability benefits and the reinstatement of her industrial insurance time loss benefits for total temporary disability under the Industrial Insurance Act, RCW Title 51.

The board decision recites the fact that Mrs. Regnier incurred considerable medical and legal expenses in obtaining her social security disability benefits as well as the reinstatement of her industrial insurance time loss benefits. However, the board denied any credit or exemption from the offset process for the medical and legal expenses, citing a lack of authority for the State of Washington to expend state funds to pay a claimant's attorney fees.

The trial court also found that Mrs. Regnier incurred medical and legal expenses in obtaining both her social security disability benefits and her time loss compensation under the Industrial Insurance Act, but concluded that the department had correctly refused to exclude the claimant's attorney fees and medical costs from the social security offset calculation.

This case focuses on the interaction between social security disability benefits and state industrial insurance benefits. 42 U.S.C. § 424a was the first statute to address the problem of overlapping state and federal disability benefits. According to 42 U.S.C. § 424a, any social security disability benefits received by a claimant under 65 years of age are to be reduced when the claimant also receives state disability benefits so that the total of both state and federal benefits does not exceed 80 percent of the claimant's pre–disability earnings. Under this system, the claimant would receive all of her state industrial insurance benefits, plus part of the

federal social security benefits, the total to equal 80 percent of her pre–disability income.

42 U.S.C. § 424a(d) provides an exception to this required reduction in federal benefits which allows states to reverse the offset provisions of 42 U.S.C. § 424a so that the claimant will collect the entire amount of the social security disability benefits and only that part of the state industrial benefits necessary to bring the total benefits package up to 80 percent of the claimant's pre–disability earnings.

The Washington Legislature took advantage of the reversal provision in enacting RCW 51.32.220(1), which provides:

> (1) For persons under the age of sixty–five receiving compensation for temporary or permanent total disability pursuant to the provisions of chapter 51.32 RCW, such compensation shall be reduced by an amount equal to the benefits payable under the federal old–age, survivors and disability insurance act as now or hereafter amended not to exceed the amount of the reduction established pursuant to 42 USC 424a. However, such reduction shall not apply when the combined compensation provided pursuant to chapter 51.32 RCW and the federal old–age, survivors and disability insurance act is less than the total benefits to which the federal reduction would apply, pursuant to 42 USC 424a.

Mrs. Regnier argues that in computing the reduction in state benefits she should receive a credit for the medical and legal expenses she incurred in obtaining her federal benefits. This argument is based on 20 C.F.R. § 404.408(d), a regulation governing the computation of federal benefits in cases where a state has not enacted a statute reversing the offset process. Regnier argues that this regulation excludes from the offset procedure actual legal and medical expenses incurred in gaining state benefits so that in effect the claimant receives a credit—that is, a claimant would receive a total of 80 percent of her pre–disability income *plus* the expenses of proving eligibility for the benefits.

We are not convinced that 20 C.F.R. § 404.408(d) requires an exemption for medical and legal expenses to be

taken from the offset reduction in federal benefits. However, even if such an exemption is available from a federal offset procedure, there is no similar provision under Washington law for an exemption from the Washington industrial insurance benefits offset provisions.

■ It is well settled that attorney fees may be recovered only where authorized by a statute, a private agreement between the parties, or a recognized equitable ground. *Pennsylvania Life Ins. Co. v. Department of Empl. Sec.*, 97 Wn.2d 412, 645 P.2d 693 (1982); *Crane Towing, Inc. v. Gorton*, 89 Wn.2d 161, 570 P.2d 428, 97 A.L.R.3d 482 (1977). None of these bases are available to support an award of attorney fees or medical expenses in this case.

Only two Washington statutes mention attorney fees incurred in establishing industrial insurance claims: RCW 51.52.120, which states that the department may determine what is a reasonable fee for a lawyer to charge a claimant for assistance in establishing an industrial insurance claim, and RCW 51.52.130, which allows attorney fees to be charged against the department or a private employer when a claimant appeals a department decision regarding industrial insurance benefits *and prevails,* which Mrs. Regnier did not do. This court has recognized that neither of these statutes provides for an award of attorney fees for the initial proof of entitlement to benefits. *Harbor Plywood Corp. v. Department of Labor & Indus.*, 48 Wn.2d 553, 295 P.2d 310 (1956). In a case filed the same day as *Harbor Plywood,* this court admitted that burdening a claimant with attorney fees might be inequitable, but held that the court had no authority to assess those fees against the department:

> [T]here seems much merit in the argument made in this case that, when a workman or beneficiary has to have legal representation at the appeal board, superior court, or supreme court level in order to obtain the relief to which he is ultimately determined to be entitled, the award so secured should not be diminished by the payment of attorney's fees.
>
> . . .

Why the employer in the *Harbor Plywood* case, *supra,* or the department in the present case, should not be required to pay the claimant a reasonable attorney's fee, is far from clear; however, the statute we are called upon to construe *is* clear. The arguments which have been advanced in behalf of the widow in the *Harbor Plywood* case and by Mr. Trapp in the present case [that attorney fees should be awarded] must of necessity be directed to the legislature.

*Trapp v. Department of Labor & Indus.,* 48 Wn.2d 560, 562, 295 P.2d 315 (1956).

The Legislature has not seen fit to provide benefits to cover the expenses of establishing eligibility for disability benefits, and there is no precedent for a judicial award thereof. It would be inappropriate for this court to create such benefits, and we decline to do so.

Affirmed.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, CALLOW, and DURHAM, JJ., concur.