KLEES, Judge.
This appeal was taken from a judgment on a rule to show cause setting forth the amount of worker’s compensation benefits to be paid to the plaintiff, Louis Coleman, subject to the offset for social security benefits which Coleman receives. We affirm.
On December 15, 1987, this Court rendered judgment awarding Coleman $85.09 per week in worker’s compensation benefits to be reduced by the amount he receives in social security benefits. Coleman v. Times-Picayune, 516 So.2d 1325 (La.App. 4th Cir.1987), writ denied, 521 So.2d 1153 (La.1988). Defendant worker’s compensation carrier then began submitting payments of $9.39 per week to Coleman. Coleman filed a Rule to Show Cause to have the trial court determine the proper amount of benefits to be paid, alleging that the total combined social security and worker’s compensation benefits came to less than the $85.09 ordered by this Court on December 15. The trial court rendered judgment on January 29, 1990 declaring benefits to be “$85.09 per week with a credit of $244.90 per month received in Social Security Disability Benefits.” Defendants have appealed that judgment alleging error in both this court’s previous judgment of December 15, 1987 and in the trial court’s judgment of January 29, 1990. They assert error in (1) the formula used to calculate the social security offset, and (2) the computation of Coleman’s earnings which is in turn used to determine worker’s compensation benefits.
La.R.S. 23:1225 provides that a party paying worker’s compensation is entitled to a reduction or offset if the payee is simultaneously receiving social security disability benefits Section 1225 provides further that:
“[Tjhis reduction shall be made only to the extent that the amount of the combined federal and worker’s compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors and Disability Insurance Act pursuant to 42 U.S.C. § 424a.”
In other words, the combined social security and worker’s compensation benefits should not be less than the combined benefits as calculated under 42 U.S.C. § 424a.
Defendants rely on the formula used in Lofton v. Louisiana Pacific Corp., 423 So.2d 1255 (La.App. 3rd Cir.1982). Blind application of that formula to the facts of this case results in a reduction greater than the amount which Coleman receives in social security benefits. However, section 424a provides that the offset in social security payments shall not be reduced below zero. Thus the combined benefits can under no circumstances be reduced below the amount to which the payee is entitled under state worker’s compensation law. Defendants ignore that provision and calculate the offset which would reduce the com *82 bined benefits below the 66% percent of wages to which Coleman is entitled under the Louisiana Worker’s Compensation statute. The trial court has granted defendants a reduction equal to the total amount which Coleman receives in social security benefits. We find no error in that judgment.
Defendants additionally assert that this court erred in calculating Coleman’s gross wages under La.R.S. 23:1021(10)(d). Coleman v. Times-Picayune, supra. Defendants argue that Coleman’s expenses in operating his business should be deducted in determining “gross wages.” However, for reasons stated in that opinion, we find no error.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.