DOMENGEAUX, Chief Judge.
Commercial Union Insurance Company filed this suit against Stacey G. LaFleur, seeking a reduction in worker’s compensation benefits owed to LaFleur based on the amount of social security benefits for which LaFleur is eligible. After a brief hearing, the trial judge ruled in favor of Commercial Union and ordered a reduction in LaFleur’s benefits from $124.00 per week to $70.90 per week. Commercial Union appeals, seeking a greater reduction than that awarded by the trial judge.
La.R.S. 23:1225 provides for the reduction of worker’s compensation benefits when the worker is entitled to and receiving social security benefits under 42 U.S.C. § 423. Under federal law, 42 U.S.C. § 424a, social security benefits can be reduced when the claimant also receives state worker’s compensation benefits; however, under 42 U.S.C. § 424a(d), the federal right to a reduction is preempted by any similar state provision, such as La.R.S. 23:1225. Therefore, in the case sub judice, if La-Fleur is entitled to and receiving benefits under 42 U.S.C. § 423, then Commercial Union is entitled to reduce its worker’s compensation payments to LaFleur.
The evidence adduced in the trial court consisted solely of certain stipulated facts which reflect that LaFleur was totally and permanently disabled as a result of a work-related injury, and that she receives $537.33 per month in worker's compensation benefits and $26.00 per month in social security disability benefits. Additionally, the parties orally agreed that “the total social security benefits that may be used to calculate the offset are $271.10.”
This evidence is not sufficient to support a specific reduction in worker’s compensation benefits. R.S. 23:1225 and 42 U.S.C. § 424a provide for the proper calculation to be used in determining the amount of such a reduction. To paraphrase § 424a, social security benefits under § 223 and § 202 are reduced by the amount by which the combined state and federal benefits exceed the higher of 80% of the worker’s average current earnings or his total federal disability benefits. See Kleibert v. Arceneaux Air Conditioning, Inc., 439 So.2d 486 (La.App. 1st Cir.1983). Correspondingly, R.S. 23:1225 requires that the state reduction be taken only to the extent that the amount of the combined state and federal benefits would otherwise cause a reduction in federal benefits. No cost of living adjustments are to be included in the calculations. To clarify these provisions, the jurisprudence has consistently held that regardless of which benefits are reduced, the claimant is not penalized because his total benefits remain the same. Guillory v. Stone & Webster Engineering, 545 So.2d 605 (La.App. 3d Cir.1989); Coleman v. Times-Picayune Publishing Corp., 570 So.2d 80 (La.App. 4th Cir.1990), and prior opinion reported at 516 So.2d 1325 (La.App. 4th Cir.1988), writ denied, 521 So.2d 1153 (La.1988).
The trial judge did not utilize the formula described in § 424a. Instead, he merely subtracted the stipulated figure of $271.10 from the total of worker's compensation benefits and social security benefits that LaFleur was receiving at the time of trial. The trial judge did not consider whether LaFleur’s current social security benefits equalled the full amount to which she is entitled or include any cost of living adjustments, which are not to be used in the calculation. The trial judge also did not consider LaFleur’s average current earnings as defined in § 424a(a).
The record before us does not contain the necessary figures to plug into the statutory calculation described above, and we are therefore unable to ascertain the appropriate amount of reduction due to Commercial Union. In bringing this suit, Commercial Union was required to prove both its entitlement to an offset and the *299 amount of the offset. Domingue v. Hartford Insurance Co., 568 So.2d 221 (La.App. 3d Cir.1990), writ denied, 571 So.2d 654 (La.1990); Holmes v. International Paper Co., 559 So.2d 970 (La.App. 2d Cir.1990). Commercial Union’s contention that the trial judge used the wrong calculation to determine the offset figure is correct. However, Commercial Union failed to meet its burden of proving the appropriate figures necessary for calculating the reduction. The figure representing 80% of LaFleur’s “average current earnings” was mentioned by Commercial Union’s counsel but was not supported by any evidence or agreed upon by the parties. Additionally, Commercial Union asks us to presume that the $271.10 figure agreed upon by the parties represents LaFleur’s “total federal disability benefits,” but the figure was not supported by any evidence and the stipulation as to its use was vague and ambiguous.
In Domingue, supra, an insurer asserted a claim for a reduction in worker’s compensation payments, but presented insufficient proof in support of its claim. We affirmed the trial court’s denial of the reduction and dismissal of the claim. Conversely, there may be some circumstances where a court of appeal should remand a case such as this for the taking of additional evidence. Klei-bert, supra. The instant suit, however, was instituted solely for the calculation of an offset, and the plaintiff, Commercial Union, wholly and utterly failed to meet its burden of proof. We find, therefore, that the judgment of the trial court must be reversed and Commercial Union’s suit be dismissed. Commercial Union argued successfully in this appeal that the trial court’s judgment was improper as it was not calculated in accordance with statutory provisions. But Commercial Union was unsuccessful in its contention that we can substitute the appropriate judgment without any evidence to support it.
Although we have reversed the trial court’s decision as requested by the appellant, Commercial Union, we have not reversed in Commercial Union’s favor. We rely on La.C.C.P. Art. 2164 as the basis for our decision and point out that under La. R.S. 23:1331 C, Commercial Union can once again assert its claim - for an offset six months from the date the judgment herein becomes final.
For the above and foregoing reasons, the judgment of the trial court is reversed and Commercial Union’s suit is dismissed. Commercial Union is to pay all costs of these proceedings.
REVERSED AND DISMISSED.