PER CURIAM.
In this workers’ compensation case, National Linen Service, the employer, and its carrier, GAB Business Service, collectively the employer and carrier (E/C), appeal an order of the judge of compensation claims (JCC). We affirm all issues and address only whether the JCC erred in excluding attorney’s fees from the social security offset the E/C was taking from Tolliver’s permanent total disability (PTD) benefits.
In a prior order, the JCC determined that Tolliver’s lawyer was entitled to fees for services rendered to his client in obtaining PTD benefits. Because there was no basis to require the E/C to pay the fees, the JCC ordered that the fees be withdrawn from Tolliver’s monthly PTD payment. When Tolliver thereafter began receiving social security disability benefits, the E/C commenced taking the social security offset from the full amount of indemnity benefits without first deducting the monthly sum of attorney’s fees that the JCC had ordered to be withheld. Tolliver thereafter filed a claim for a determination of the correct amount of the offset. We find that the JCC correctly decided that Florida law requires that the amount of the fees must be excluded from the offset which the E/C is entitled to take.
Title 42 U.S.C.A. § 424a (1996) provides that once a claimant under 65 years of age receives social security disability benefits, as well as state workers’ compensation benefits, the federal benefit must be reduced in order that the combined benefits do not exceed 80 percent of the claimant’s pre-disability earnings. Section 424a(d) recognizes an exception to this rule by allowing states to reverse the offset scheme, thereby permitting a claimant to collect the entire amount of the social security disability benefits and only part of the state benefits necessary to bring the total benefits up to the 80 percent amount. Regnier v. Department of Labor & Indus, of Wash., 110 Wash.2d 60, 749 P.2d 1299, 1300-01 (1988) (en bane). Florida has enacted such a “reverse offset” statute in section 440.15(10), Florida Statutes (Supp. *798 1996), but adds the following caveat in section 440.15(10)(a):
However, this provision shall not operate to reduce an injured worker’s benefits under this chapter to a greater extent than such benefits would have otherwise been reduced under 42 U.S.C. s. 424(a).
In other words, the Florida statute permits an offset against social security benefits, but provides that the maximum reduction of benefits “may never be greater than the federal government could have taken under its own offset statute.” Burks v. Day’s Harvesting, Inc., 597 So.2d 858, 859 (Fla. 1st DCA 1992). To this end, a claimant’s federal offset must be calculated first. Hunt v. Stratton, 677 So.2d 64 (Fla. 1st DCA 1996).
The Code of Federal Regulations, 20 C.F.R. § 404.408 (1996), dealing with the social security offset, includes the following provision:
(d) Items not counted for reduction. Amounts paid or incurred, or to be incurred, by the individual for medical, legal, or related expenses in connection with the claim for public disability payments ... or the injury or occupational disease on which the public disability award or settlement agreement is based, are excluded in computing the reduction under paragraph (a) of this section to the extent they are consonant with the applicable Federal, State, or local law or plan and reflect either the actual amount of expenses already incurred or a reasonable estimate, given the circumstances in the individual’s case, of future expenses.
The E/C’s argument on appeal is that because it was not responsible for Tolliver’s attorney’s fees under Florida law, the fees should not have to be taken into account when determining the federal offset. Although this argument is reasonable, section 404.408 quoted above is not narrowly tailored to comport with such argument. All the regulation provides is that a claimant who incurs legal expenses in connection with a workers’ compensation injury will have such fees excluded when computing the offset, so long as the fees are in accordance with state law. In the case at bar, although Tolliver was not entitled to have the E/C pay fees, he was required to pay fees himself pursuant to a proceeding conducted under the auspices of section 440.34, Florida Statutes; accordingly, the fees are in accordance with state law.
AFFIRMED.
BARFIELD, C.J., and ERVIN and KAHN, JJ., concur.