STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
NO. 04-1139

CHAD SASSER

VERSUS

TYLER TIMBER, INC.

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 03-02201
HONORABLE JAMES L. BRADDOCK
WORKERS' COMPENSATION JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion,
Judges.

REVERSED AND RENDERED.

George Flournoy
Flournoy & Doggett
Post Office Box 1270
Alexandria, LA 71309
(318) 487-9858
COUNSEL FOR PLAINTIFF/APPELLEE:
    Chad Sasser

Frank Carroll
Mayer, Smith & Roberts, L.L.P.
1550 Creswell
Shreveport, LA 71101
(318) 222-2135
COUNSEL FOR DEFENDANT/APPELLANT:
    Tyler Timber, Inc.

PETERS, J.

In this workers' compensation case, Tyler Timber, Inc. (Tyler Timber) appeals the denial of its request for recognition of an offset against its payment of workers' compensation benefits due to the payment of disability benefits to its former employee, Chad Sasser, by the Social Security Administration. The specific issue on appeal is whether the Social Security Administration's unilateral relinquishment of its offset deprives the employer of its right to the offset provided for in La.R.S. 23:1225(A). Finding that it does not under the facts of this case, we reverse the judgment of the workers' compensation judge and render judgment awarding and setting the amount of the appropriate offset.

## DISCUSSION OF THE RECORD

It is undisputed that Chad Sasser was formerly employed by Tyler Timber and sustained injuries in a work accident on January 17, 1992. Thereafter, Tyler Timber began paying Sasser workers' compensation indemnity benefits at the rate of $295.00 per week, or $1,278.30 per month. In October of 1992, Sasser became eligible for social security disability benefits, but the Social Security Administration availed itself of an offset provided in 42 U.S.C. § 424a, because the combined workers' compensation and social security disability benefits exceeded eighty percent of Sasser's average current earnings. This action initially resulted in the Social Security Administration paying no social security disability benefits to Sasser.

Ultimately, Tyler Timber paid 520 weeks of workers' compensation indemnity benefits and thereafter terminated benefits on March 10, 2003. Concomitantly, in April of 2003, the Social Security Administration unilaterally discontinued applying

its offset against Sasser's social security disability benefits and began paying Sasser monthly benefits.[1]

On March 26, 2003, or before the Social Security Administration removed its offset and began paying him disability benefits, Sasser filed a workers' compensation claim against Tyler Timber, seeking total and permanent disability benefits, penalties, and attorney fees. On April 14, 2003, Tyler Timber answered the claim by asserting that Sasser had been paid all benefits to which he was entitled and by denying that Sasser continued to be disabled. On December 19, 2003, and despite the assertion in its answer that Sasser was no longer disabled, Tyler Timber unilaterally classified Sasser as totally and permanently disabled and reinstated his $295.00 weekly benefit, retroactive to March 10, 2003.

This appeal arises because, on January 21, 2004, Tyler Timber filed a motion for recognition of its right to claim the offset against benefits provided for in La.R.S. 23:1225(A) and followed that filing with a February 23, 2004 amendment to its pleading, admitting that Sasser was totally and permanently disabled. On March 29, 2004, Tyler Timber filed a motion for summary judgment seeking a declaration that Sasser was totally and permanently disabled such that it could avail itself of the La.R.S. 23:1225(A) offset.

After a hearing, the workers' compensation judge granted the motion for summary judgment, finding that Sasser was totally and permanently disabled, but the workers' compensation judge denied the motion for recognition of the offset. In denying that motion, the workers' compensation judge stated in part:

---

[1]The record contains no explanation as to why the Social Security Administration took this unilateral action, although one might speculate that the action was taken in response to Tyler Timber's action in discontinuing the payment of workers' compensation benefits.

2

This Court has found no similar case to the current factual situation and haven't [sic] been provided any by the counsel. I appreciate the argument being made on behalf of the employer. However, as this Court reads the statute [La.R.S. 23:1225(A)], I'm in agreement with [Sasser's attorney] that this is a claim for reverse offset, and the Social Security persons are not taking any type of offset, so there's nothing to reverse. It's speculation as to the reason why they terminated any offset that they may have been taking in April of 2003. So based on the literal wording of the statute and the fact that there is no current offset being taken by Social Security, I would deny the request for the Social Security offset and sustain the Motion for Summary Judgment, that Mr. Sasser is permanently and totally disabled.

Tyler Timber's appeal followed this ruling.

**OPINION**

Louisiana Revised Statutes 23:1225(A) provides for an offset by the employer against social security disability benefits as follows:

> The benefits provided for in this Subpart for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and workers' compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee's injury.

In *Al Johnson Construction Co. v. Pitre*, 98-2564, pp. 6-8 (La. 5/18/99), 734 So.2d 623, 626-27, the supreme court discussed the history and application of both the federal and state offset provisions as they apply to an employer's request for an offset as follows:

The present federal statute, under the 1965 re-enactment as part of the major revision of the Social Security Act, requires that the amount of Social Security benefits be reduced when the combined amounts of Social Security disability benefits and state workers' compensation benefits exceeds eighty percent of the employee's "average current earnings." 42 U.S.C. § 424a(a) (1991). This offset of state benefits against federal benefits prevents a disabled employee who is receiving both types of disability benefits from receiving more than eighty percent of his pre-injury wages, while at the same time allowing a supplement to the generally inadequate state workers' compensation benefits.

For a limited period of time, the federal offset statute provided that the federal offset was not applicable when a state law provided for an offset of Social Security disability benefits against overlapping state workers' compensation benefits. This "reverse offset" provision allowed state legislatures to bestow an advantage on local employers, since state employers, instead of Social Security, could take the offset that Social Security otherwise would have alone been authorized to take. If the state legislature acted under this authorization, the single offset was a reduction in overall benefits that accrued to the benefit of employers on the state workers' compensation side of the equation, at the expense of Social Security. There was no corresponding disadvantage to employees, since either the state or the federal system, but not both, would receive the benefit of the reduction to the eighty percent ceiling on the total benefits.

In 1978, the Louisiana Legislature took advantage, to some extent, of this Congressional beneficence by enacting the reverse offset provision now included in La.Rev.Stat. 23:1225 A. However, the Legislature for some reason chose to make the reverse offset applicable only in cases of permanent total disability, and the reverse offset therefore does not apply in the present case. Nevertheless, in the cases in which the reverse offset applied, the state's reduction took precedence over the federal reduction and precluded application of a second offset. *Sciarotta v. Bowen*, 837 F.2d 135 (3d Cir.1988).

The Louisiana Legislature took no further action to extend the reverse offset to cases other than those involving permanent total disability. After the cutoff date of February 18, 1981, states could no longer enact reverse offset provisions, or add to or alter the scope of an existing state reverse offset statute. The result is that while federal law provides for a reduction in overall benefits in *all* cases in which a disabled employee is receiving Social Security disability benefits and state workers' compensation benefits, Louisiana employers receive the advantage of the reverse offset reduction *only* when the employee is permanently totally disabled.

(Footnotes omitted.)

4

Although Sasser's total and permanent disability status was not in dispute, the workers' compensation judge denied Tyler Timber the offset provided for in La.R.S. 23:1225(A) based on the fact that the Social Security Administration had unilaterally relinquished its offset and instituted payment of disability benefits when Tyler Timber ceased paying workers' compensation benefits. In other words, the workers' compensation judge concluded that, because the Social Security Administration no longer took an offset, there was no offset to reverse. We do not agree that the Social Security Administration must be claiming an offset before an employer may claim an offset under La.R.S. 23:1225(A). When Tyler Timber filed its motion for recognition of the offset, Sasser was receiving both workers' compensation disability benefits and social security disability benefits. Louisiana Revised Statutes 23:1225(A) provides that Tyler Timber's payment of permanent total disability benefits "*shall be reduced*" when it establishes that Sasser is receiving both workers' compensation benefits for permanent total disability and social security disability benefits. (Emphasis added.) Indeed, the Social Security Administration simply unilaterally undertook to do itself that which it could have been required to do otherwise. Thus, the workers' compensation judge erred in rejecting Tyler Timber's request for an offset against social security disability payments.

Having concluded that Tyler Timber is entitled to claim the benefit of the offset provisions of La.R.S. 23:1225(A), we must now determine the effect of that claim on the benefits due Sasser. Tyler Timber argues that we should calculate the offset due it through use of the formula established in *Lofton v. Louisiana Pacific Corp.*, 423 So.2d 1255 (La.App. 3 Cir.1982), and described in *Jones v. Walpole Tire Service, Inc.*, 38,206, pp. 9-10 (La.App. 2 Cir. 3/3/04), 867 So.2d 927, 933, as follows:

5

The offset is determined by adding the total family benefits ("TFBs") received from Social Security (before any offset has been taken by Social Security) and the employee's monthly workers' compensation benefits and then subtracting from the result either the TFB or 80% of the average current earnings ("ACE") (a figure calculated by Social Security), whichever is greater.

Based on the evidence in the record before us, the use of the *Lofton* formula would produce the following result:

| | |
|---|---|
| Total Family Benefit (TFB): | $ 423.50 |
| 80% of the Average Current Earnings (ACE): | $ 566.40 |
| Combined benefits cannot exceed: | $ 566.40 |
| Monthly workers' compensation benefit (MWCB): | $1,278.30 |
| TFB + MWCB: | $1,701.80 |
| Offset ($1,701.80 − $566.40): | $1,135.40 |
| Weekly offset (1,135.40 × 3 ÷ 13): | $ 262.01 |

As pointed out by Tyler Timber in brief, this calculation would result in it paying Sasser $142.90 ($1,278.30 − $1,135.40) monthly, or a weekly payment of $32.99 ($295.00 − 262.01).

While we agree that the use of the *Lofton* method of calculation would mathematically reach this result, we find the method inapplicable to this matter. The evidence establishes that the Social Security Administration is currently paying Sasser $565.50 per month in disability benefits. Thus, based on the application of the *Lofton* formula, Sasser's monthly income would total $827.51 ($565.50 + 262.01). This is $450.79 less than the sixty-six and two-thirds percent of wages he is entitled to under the Louisiana Workers' Compensation Law. We do not find that La.R.S. 23:1225(A) ever intended to allow such an inequitable result.

6

In *Coleman v. Times-Picayune Publishing Corp.*, 570 So.2d 80, 81 (La.App. 4 Cir. 1990), the fourth circuit recognized that "[b]lind application" of the *Lofton* method of calculation is not appropriate and that when its application results in a reduction below the amount to which the employee is entitled under the Louisiana Workers' Compensation Law, it cannot be applied. We agree with the *Coleman* analysis and approach and find the appropriate offset to be $164.49 per week {[($1,278.30 – 565.50) ÷ 13] × 3}. We order this offset to be retroactive to the date of judicial demand, January 21, 2004. *See generally Lofton*, 423 So.2d 1255. Finally, we make no determination, as was urged by Sasser at the hearing, regarding whether his monthly compensation rate may be reduced by attorney fees he must pay to his attorney. While the Social Security Administration form allows for a "reduction due to allowable expenses" from the monthly workers' compensation rate, whether attorney fees qualify as "allowable expenses" for purposes of calculating the offset is a matter properly addressed to the Social Security Administration.

**DISPOSITION**

For the foregoing reasons, we reverse the decision of the workers' compensation judge and render judgment awarding Tyler Timber, Inc. the La.R.S. 23:1225(A) offset, and we set the offset in the amount of $164.49 per week, for a total indemnity benefit rate of $130.51 per week. We order this offset to be retroactive to January 21, 2004. We assess the costs of this appeal equally between the litigants.

**REVERSED AND RENDERED.**

7