HIGGINBOTHAM, J.
|2In this workers’ compensation case, Northshore Regional Medical Center, the employer, appeals an order of the workers’ compensation judge wherein the judge denied Northshore’s motion as requested for an offset of $115.52 per week against its payment of disability workers’ compensation benefits to its former employee, Stephanie Nitcher, due to payments .of disability benefits by the, Social Security *122 Administration. The workers’ compensation judge ordered a reduced offset of $49.71 per week, which considered Nitcher’s payment of attorney fees. The specific issue on appeal is whether attorney fees, owed by Nitcher to her attorney, should be deducted in calculating the offset provided for in La. R.S. 23:1225(A).
FACTS AND PROCEDURAL HISTORY
Stephanie Nitcher was a respiratory therapist employed at Northshore Regional Medical Center when she was injured in an accident at work. She filed a disputed claim for compensation claiming entitlement to temporary or permanent total disability benefits, continued medical treatment, penalties, and attorney fees. See Nitcher v. Northshore Regional Medical Center, 2011-1761 (La.App 1st Cir. 5/2/12), 92 So.3d 1001, writ denied, 2012-1230 (La.9/21/12), 98 So.3d 342. After an appeal to this court, in two judgments signed on October 30, 2012, Northshore was ordered to pay workers’ compensation benefits to Nitcher, including $86,871.84 in past due indemnity benefits, $13,181.13 in interest on past due indemnity benefits, and $550.47 in appeal costs. Further, Northshore was ordered to pay Nitcher permanent total disability benefits in the amount of $329.06 per week from the date of judgment forward. There was no judicial award of attorney fees or penalties.
In addition to the workers’ compensation benefits for permanent total disability, Nitcher is receiving social security disability benefits under 42 U.S.C. § 423.
|aOn December 19, 2013, Northshore filed a “Motion for Recognition of Right to Social Security Offset.” The purpose of its motion was to judicially invoke the offset provision provided for by La. R.S. 23:1225(A), which allows an employer to offset when the employee is receiving both permanent total disability benefits under the state workers’ compensation system and disability benefits under the federal social security system. Northshore sought an order allowing it to offset the workers’ compensation benefits paid by Northshore to Nitcher in the amount of $115.52 per week.
Prior to the hearing on Northshore’s motion for an offset, Nitcher’s attorney filed a “Motion and Order for Approval of Attorney’s Fees,” required under La. R.S. 23:1141, for services rendered to obtain weekly workers’ compensation benefits paid to Nitcher from February 22, 2013, through April 1, 2014. In a judgment signed on April 11, 2014, the workers’ compensation judge approved Nitcher’s attorney receiving fees of 20% of Nitcher’s weekly payments of $329.06 per week, resulting in attorney fees of $65.81 per week owed by Nitcher.
In a prehearing statement received by the workers’ compensation court on April 8, 2014, regarding Northshore’s motion for the offset, Nitcher did not dispute North-shore’s entitlement to an offset, but disagreed with Northshore’s calculation of the offset. Specifically, Nitcher contends that Northshore should deduct the court approved attorney fees from her weekly workers’ compensation payments prior to calculating the offset.
Northshore’s motion for offset was heard by the workers’ compensation judge on February 20, 2015, after which a judgment was signed denying Northshore’s Motion for Recognition of Right to Social Security Offset, in the amount of $115.52 by interpreting La. R.S. 23:1225(A) to mandate that attorney fees owed by Nitcher be included in the calculation to determine the offset. The workers’ compensation judge agreed with Nitcher and ordered an offset of $49.71 per week, resulting inJjNorthshore owing Nitcher per *123 manent total disability benefits in the amount of $279.35 per week.[1]
It is from this judgment that North-shore appeals, contending that the workers’ compensation judge erred in denying its Motion for Recognition of Right to Social Security Offset in the amount of $115.52, and in ruling that La. R.S. 23:1225(A) mandates that the attorney fees owed by Nitcher, be deducted prior to a determination of the offset due to North-shore.
SOCIAL SECURITY OFFSET
Pursuant to 42 U.S.C. § 424a provides that for any month an individual, prior to the month in which they attain retirement age, receives social security disability benefits, as well as. state workers’ compensation benefits, the federal benefit must be reduced in order that the combined benefits do not exceed eighty percent of the claimant’s pre-disability earnings. Moreover, 42 U.S.C. § 424a(d) recognizes an exception to this rule by allowing states to reverse the offset scheme, thereby permitting a claimant to collect the entire amount of the social security disability benefits and only part of the state benefits necessary to bring the total benefits up to the eighty percent amount. Regnier v. Department of Labor & Indus. of Wash., 110 Wash.2d 60, 749 P.2d 1299, 1300-01 (1988) (en banc).
The Louisiana Legislature took advantage of the reverse provision in enacting La. R.S. 23:1225(A), which provides as follows:
The benefits provided for in this Sub-part for injuries producing permanent , total disability shall-be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 -U.S.C. Chapter 7, Sub-chapter II,. entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages Land self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this -reduction shall be made only to the extent that the amount of the combined federal and workers’ compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age) Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that' would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits'provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee’s injury.
Explaining the purpose of La. R.S. 23:1225, the court in Lofton stated that it was intended “to give the compensation carrier, rather than the federal government, -the benefit of the ceiling placed on both programs by the coordination of benefits.” Lofton v. Louisiana Pacific Corp.,. *124 423 -So.2d 1255, 1259 (La,App. 3rd Cir. 1982).
The offset is determined by adding the total family benefits (“TFBs”) received from Social Security (before any-offset has been taken by Social- Security) and 'the employee’s monthly workers’ compensation benefits and- then subtracting from the result either the TFB or 80% of the.average ■ current earnings (“ACE”), (a figure calculated by Social Security), whichever is greater. See Jones v. Walpole Tire Service, Inc., 38,206 (La.App.2d Cir.3/3/04), 867 So.2d 927, 933.
DISCUSSION
Here, there is no dispute regarding Northshore’s entitlement to the offset; however, the dispute is in how the offset should be calculated. The parties agree that Nitcher’s TFBs are $946.70 and 80% of her ACE is $1,872.00, The dispute lies in determining what number should be used for her monthly workers’ compensation benefits. The judgment of the workers’ compensation court determined that the workers’ compensation benefits should be reduced by the 20% of Nitcher’s weekly benefits that she owes her attorney, before subtracting the total from the ACE. Northshore contends that this was in error and that Nitcher’s total monthly workers’ | ^compensation benefits of $1,425.90 should be used in the calculation with no reduction for attorney fees.
In the April 11,- 2014 judgment, the workers’ -compensation judge -approved Nitcher’s attorney- receiving- 20% out of her weekly workers’ compensation benefits. The judgment on appeal refers to “statutory attorney’s fees” being deducted from the calculation; however, the attorney fees owed in this case are not statutory. See McCarroll v. Airport Shuttle, Inc., 2000-1123 (La.11/28/00), 773 So.2d 694, 697-98. The fee is not a statutory fee — it is not authorized, by statute, only limited by statute (La. R.S. 23:1141[2]). The attorney fees were not assessed against North-shore, but are payable by'Nitcher to her attorney out of her recovery of benefits that is attributable to the litigation handled by the attorney. See 14 H. Alston Johnson, III, Louisiana Civil Law Treatise: Workers’ Compensation Law and Practice § 386 (5th ed,2014).
There is no provision in Louisiana law that requires an employer to pay attorney fees to a claimant for legal expenses incurred in connection with a claim for workers’ compensation benefits unless it is punitive in nature, which is not the case here.[3] The fees Nitcher owes to her attor *125 ney are to be paid from the disability 17benefits she receives from Northshore, not in addition to the, benefits paid to her, The calculation used by the workers’ compensation judge reducing the workers’ compensation rate for the attorney fees Nitcher owes her attorney would make Northshore responsible for Nitcher’s attorney fees. Louisiana law does not provide for such an adjustment..
*124 [Fjailure to provide payment in accordance with this Section or failure to consent to the employee’s request to select a treating physician or change physicians when such con"sent is required by R.S. 23:1121 shall result in the assessment of a penalty in an- amount up to the greater of twelve percent of any unpaid compensation or medical benefits, ' or fifty dollars per’ calendar day for each dáy in which any and all compensation or medical benefits remain unpaid or such consent' is withheld, together with reasonable attorney fees for each - disputed claim.
*125 The regulation governing the computation of federal benefits in cases where a state has not enacted a statute reversing the offset process is found in 20 C.F.R. § 404.408(d). Nitcher contends that this regulation excludes attorney fees under the federal offset, therefore, a state compensation court .judge should exclude attorney fees when calculating the offset under La. R.S. 23:1225(A). While the federal law states that allowable expenses, including legal fees, should be deducted from the calculation, there is no comparable statute in Louisiana. Further, there is no support in the case law or La R.S. 23:1225 for such a deduction.
As there is no provision in Louisiana law comparable to the federal statute, allowing for reduction of the offset for attorney fees, and no law requiring employers to pay attorney fees on behalf of their employees, we find the workers’ compensation court ‘was in error in reducing Northshore’s offset amount because of the attorney fees that Nitcher owes her attorney.
Moreover, the Social Security Administration did not consider attorney fees in its calculation. In Sasser v. Tyler Timber, Inc., 2004-1139 (La.App. 3rd Cir.12/8/04), 889 So.2d 1161, the third circuit was presented with the issue of whether the employee-claimant’s monthly workers’ compensation rate may be reduced by attorney fees the claimant was required to pay. In Sasser, the court made no determination regarding that issue and 'instead determined that “[w]hile the Social Security Administration form allows for a “reduction ¿¡ue ⅛0 allowable expenses” from the monthly workers’ compensation rate, whether attorney fees qualify as | ¡/‘allowable expenses” for purposes of calculating the offset, is a matter properly addressed to the Social Security Administration.” Sasser, 889 So.2d at 1166. In this case, the Social Security Field Office completed a form titled “Request for Social Security Benefits Information” on behalf of Nitcher that was. presented to the workers’ compensation judge. In line four of the form, the Social Security Administration used $1,425.90 as Nitcher’s monthly .workers’ compensation benefit rate, and her attorney fees were not considered. The figures supplied by the Social Security Field Officer are not in dispute and Nitcher’s attorney fees were not used in its calculation of the offset North-shore is entitled to take under La, R.S. 23:1225. ,", .
Louisiana does not provide for a reduction of the social security offset for attorney fees, and the Social Security Administration did not consider attorney fees in its assessment of Northshore’s entitlement to offset.
The calculation for the offset, allowing no adjustment for -attorney fees, using the formula set out' in Jones, 867 So.2d at 933, is as follows: ' - . ■
TOTAL FAMILY BENEFITS (TFB) • $ 946.70
80% OF AVERAGE CURRENT EARNING-(ACE) $1,872.00
MONTHLY WORKERS’ COMP. BENEFITS .$1,425.90
(MWCB) TFB + MWCB +
OFFSET PER MONTH ($2,372.60 - $1,872.00) $ 500.60
WEEKLY OFFSET ($500.60 x 12 4- 52) ■ $ 115.52
*126 CONCLUSION
For the foregoing reasons, we reverse the judgment of the workers’ compensation court and grant Northshore’s weekly-offset, as requested, in the amount of $115.52 from December 17, 2013, the date of judicial demand, forward. Costs of this appeal are assessed to Stephanie Nitcher.
REVERSED AND RENDERED.
CRAIN, J., concurs and assigns reason.

. A judgment was signed on May 14, 2014, which denied Northshore's motion and interpreted the statute. Subsequently, this court issued a Rule to Show Cause Order stating that the judgment appeared to not be final and therefore was non-appealable. Thereafter, this court issued an interim order remanding the matter back to the workers' compensation court for .the limited purpose of allowing the parties to prepare and the Office of Workers’- Compensation to sign a valid written judgment. See Nitcher v. Northshore, 2012-1291 (La.App. 1st Cir.2/3/15) (unpublished writ action). In response, the parties filed the February 20, 2015 amended judgment. The amended judgment is the subject of the appeal.

. Louisiana Revised Statute 23:1141 provides as follows:.
A, Claims of attorneys for legal services arising under this Chapter shall not be enforceable unless reviewed and approved by a workers’ compensation judge, If so approved, such claims shall have a privilege upon the compensation payable or awarded, but shall be paid therefrom only in the manner fixed by the workers’ compensation judge. No privilege shall exist[1] or be approved by a workers' compensation judge on injury benefits as’ provided in R.S. 23:122l'(4)(s).
B. The fees of an áttorney who renders service for an employee coming under this Chapter shall not exceed twenty percent of the amount recovered.

. Louisiana Revised Statute 23:I201(F) provides in pertinent part: