IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| GARY YETTER,<br><br>      Appellant,<br><br>     v.<br><br>DEPARTMENT OF LABOR &<br>INDUSTRIES,<br><br>      Respondent. | No. 87957-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — After successful litigation of Gary Yetter's industrial insurance claim, the Department of Labor and Industries awarded Yetter retroactive disability pension benefits, with an offset for social security benefits he received during the same time period. Yetter appealed, challenging the calculation of the offset and claiming the Department abused its discretion by intentionally and unreasonably delaying the payment of benefits. The Board of Industrial Appeals affirmed. On judicial review, the superior court granted summary judgment in favor of the Department.

Yetter's claim concerning the calculation of the offset is foreclosed by our Supreme Court's decision in *Regnier v. Dep't of Lab. & Indus.*, 110 Wn. 2d 60, 63-64, 749 P.2d 1299 (1988). And we conclude no basis supports an equitable remedy related to the timing of the Department's payment of benefits. We affirm the superior court's order.

FACTS

Gary Yetter, formally employed as a King County paramedic, applied for workers' compensation benefits in 2017, stemming from a 2016 job-related incident. The Department denied his claim in 2018 and in 2021, the Board of Industrial Appeals (Board) affirmed the Department's decision. Following Yetter's successful appeal of that decision and negotiations, the superior court entered an agreed judgment on April 18, 2022, which reversed the Board's decision and directed the Department to allow Yetter's claim for benefits based on a permanent and total disability as of January 6, 2017. The negotiated judgment did not include an award of attorney fees to Yetter.

On May 9, 2022, in accordance with the superior court's judgment, the Department issued an administrative order that reversed the Board's 2021 order, allowed the claim based on a finding of fixed and permanent disability as of January 6, 2017, and placed Yetter on pension status. During the approximately four month period between May 9 and September 1, 2022, the Department, through its benefits division, collected information and documents from Yetter and issued a series of orders to calculate the retroactive benefits owed and future monthly benefit amount. The calculations included several different rates of pay, a deduction for overpayment based on Yetter's receipt of time-loss compensation during certain applicable periods, and an offset based on his receipt of social security benefits.[1] On September 1, 2022, the Department

---

[1] The Social Security Administration determined that Yetter was eligible for benefits as of July 2017 and he received retroactive and continuing benefits beginning in 2018.

issued a final order fixing the benefit amounts and issued a check for the retroactive benefits owed between January 6, 2017 and August 15, 2022.

Yetter appealed the Department's September 1, 2022 order. Yetter claimed that the Department's calculation of the social security offset should have accounted for the attorney fees he incurred to obtain the retroactive disability benefits. He also claimed that the Department abused its discretion by unreasonably delaying the payment of his benefits.

A Board Industrial Appeals Judge (IAJ) considered the matter based on stipulated evidence, including the deposition testimony of Aaron Beacham, a pension benefits specialist employed by the Department, and issued a proposed decision and order. As to the calculation of the offset, the IAJ concluded that under *Regnier*, 110 Wn.2d at 63-64, Washington law does not authorize the Department to reduce a social security offset based on attorney fees expended to obtain workers' compensation benefits. The proposed order further concluded that the record did not support a finding of intentional delay and that "if anything, the record demonstrates an effort by the Department to be correct in its calculations and to meet its statutory obligations" to determine and apply a social security offset. The Board denied Yetter's petition for review and the IAJ's proposed order became the Board's final decision.

Yetter appealed the Board's decision to the superior court. After a hearing on the parties' cross motions for summary judgment, the superior court granted the Department's motion, concluding that the Department was entitled to

judgment as a matter of law as to both claims. Yetter appeals the superior court's order.

ANALYSIS

Washington's Industrial Insurance Act (IIA), Title 51 RCW, governs judicial review of workers' compensation cases. *Rogers v. Dep't of Lab. & Indus.*, 151 Wn. App. 174, 179, 210 P.3d 355 (2009). This court reviews the superior court's decision, not the Board's order. RCW 51.52.140. As with the superior court's review of an administrative appeal, our review is based solely on the evidence presented to the Board. RCW 51.52.115; *Bennerstrom v. Dep't of Lab. & Indus.*, 120 Wn. App. 853, 858, 86 P.3d 826 (2004).

We review the superior court's decision in the same manner as other civil cases. *Mason v. Georgia-Pac. Corp.*, 166 Wn. App. 859, 863, 271 P.3d 381 (2012). We review summary judgment orders de novo. *Sartin v. Est. of McPike*, 15 Wn. App. 2d 163, 172, 475 P.3d 522 (2020). Summary judgment is appropriate if no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *Sartin*, 15 Wn. App. at 172; CR 56(c). We give substantial weight to an agency's interpretation of the law it administers. *Bennerstrom*, 120 Wn. App. at 858. And we view the record in the light most favorable to the party who prevailed in superior court. *Rogers*, 151 Wn. App. at 180.

<u>Social Security Offset</u>

The Social Security Act allows the federal government to reduce the amount of social security disability benefits it pays to a worker under the age of

65 who also receives state benefits. 42 U.S.C. § 424a. However, federal law provides an exception to the general offset rule—allowing a "reverse offset" if a state passes enabling state legislation. *Frazier v. Dep't of Lab. & Indus.*, 101 Wn. App. 411, 416, 3 P.3d 221 (2000); 42 U.S.C. § 424a(d). Such legislation allows the worker to receive the full amount of social security benefits, and permits the state to reduce benefits. *Frazier*, 101 Wn. App. at 416. The overall statutory scheme ensures full compensation, while precluding overlapping benefits. *Ravsten v. Dep't of Lab. & Indus.*, 108 Wn.2d 143, 149, 736 P.2d 265 (1987). And reverse offset provisions shift costs to the federal government. *Harris v. Dep't of Lab. & Indus.*, 120 Wn.2d 461, 469, 843 P.2d 1056 (1993).

The Washington legislature passed RCW 51.32.220 and RCW 51.32.225 to take advantage of this federal exception to the general offset rule. *Frazier*, 101 Wn. App. at 416-17. Under RCW 51.32.220 and RCW 51.32.225 state worker's compensation benefits must be reduced by the amount of social security benefits received, or by an amount calculated under the Social Security Act, 42 U.S.C. § 424a(a), whichever is less. *Birgen v. Dep't of Lab. & Indus.*, 186 Wn. App. 851, 856, 347 P.3d 503 (2015). The amount of the offset under the Social Security Act is generally the amount by which a claimant's combined monthly benefits exceed 80 percent of their "average current earnings." *Birgen*, 186 Wn. App. at 856-57.

Calculation of Offset

Yetter does not claim that the Department was not entitled to offset his benefits. As below, he contends the Department was required to reduce the

5

offset because he incurred attorney fees to secure his state benefits. At the same time, he concedes that the "this argument was rejected by the Washington Supreme Court 36 years ago" in *Regnier*. And while Yetter asserts that *Regnier* is harmful and was "wrongly decided," he acknowledges that lower courts, including this court, are bound to follow Washington Supreme Court precedent.[2] *1000 Virginia. Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 590, 146 P.3d 423 (2006).

<u>Equitable Remedy for Unreasonable Delay</u>

Yetter contends the Department violated his rights under the IIA by failing to promptly pay his retroactive benefits. According to Yetter, the Department was required to "immediately" issue payment once it verified his pre-injury wage, on June 10, 2022, before calculating and applying the social security offset. Yetter suggests that the Department's payment delay was intentional because the Department was motivated by a "desire to offset the entirety of [his] retroactive payment," rather than issue an overpayment that would be subject to statutory limits on recoupment. *See* RCW 51.32.220(2). Yetter proposes two alternative equitable remedies for this alleged violation: (1) order the Department to refund the social security offset, or (2) overrule or "limit" the decision of Division Two of this court in *Potter v. Dep't of Lab. & Indus.*, 101 Wn. App. 399, 406, 3 P.3d 229 (2000) (Department may reduce retroactive lump-sum benefits "in the same

---

[2] Yetter initiated this appeal in the Supreme Court along with a statement of grounds for direct review and that court transferred the appeal to this court. See RAP 4.2(e)(1) (if the Supreme Court declines to directly review a superior court order that is appealable as a matter of right, it will transfer the matter to the Court of Appeals).

fashion it would reduce a monthly payment by the amount of Social Security disability payments").

Yetter primarily relies on statutory language emphasizing that the purpose of the IIA is to provide "sure and certain relief" to injured workers. RCW 51.04.010. And he cites RCW 51.32.210, providing that claims of injured workers "shall be promptly acted upon." The Department does not dispute its general obligation to handle workers' claims promptly and efficiently. The Department maintains, however, that it also had a specific and mandatory duty to calculate and apply an offset under RCW 51.32.220. And given its obligation to correctly apply that statute, no unreasonable or excessive delay occurred. We agree with the Department.

RCW 51.32.220 provides, in pertinent part:

(1) For persons receiving compensation for temporary or permanent total disability pursuant to the provisions of this chapter, such compensation *shall be reduced* by an amount equal to the benefits payable under the federal old-age, survivors, and disability insurance act as now or hereafter amended not to exceed the amount of the reduction established pursuant to 42 U.S.C. Sec. 424a.

…

(2) Any reduction under subsection (1) of this section *shall be effective the month following the month in which the department or self-insurer is notified* by the federal social security administration that the person is receiving disability benefits under the federal old-age, survivors, and disability insurance act: PROVIDED, That in the event of an overpayment of benefits the department or self-insurer *may not recover more than the overpayments for the six months immediately preceding the date the department or self-insurer notifies the worker that an overpayment has occurred*[.]

…

7

(3)  Recovery of any overpayment must be taken from future temporary or permanent total disability benefits or permanent partial disability benefits provided by this title.  In the case of temporary or permanent total disability benefits, the recovery shall not exceed twenty-five percent of the monthly amount due from the department or self-insurer or one-sixth of the total overpayment, whichever is the lesser.

(4) No reduction may be made unless the worker receives notice of the reduction prior to the month in which the reduction is made.

(Emphasis added.)

According to Beacham's deposition testimony, in addition to establishing wage information and obtaining required forms from Yetter, the Department had a "legal obligation" to offset the benefits under RCW 51.32.220.  Beacham explained that since the Department received notice in June 2018 that Yetter was receiving social security benefits, the Department was required to implement the offset as of July 2018 and to "ensure that any retroactive payment that's going out is accurate and in line with state and federal law."  *See* RCW 51.32.220(2).  Also, Beacham noted that the statute required the Department to notify Yetter in advance before applying the offset.  *See* RCW 51.32.220(4).  Beacham explained that the Department was not limited to applying the offset to a six-month period because that limitation applies only when it seeks to recoup an "overpayment."  *See* RCW 51.32.220(2).

The statute supports the Department's position that it was required to apply the social security offset to his retroactive benefits.  The statute's language—"shall"—is mandatory.  *See* RCW 51.32.220(1), (2).  Nothing in the statute required the Department to issue the retroactive benefit payment first,

8

then calculate the applicable offset and seek recovery of the overpayment. Yetter cites no authority indicating that the statute's general directives overrode the Department's specific obligation to apply the offset.

And given that the Department was required to calculate and apply the offset, nothing in the record suggests an unreasonable delay in doing so. Yetter provides no authority suggesting that the approximately four-month delay between formally placing Yetter on pension status and issuing payment of his retroactive benefits was inconsistent with the Department's obligations. Beacham testified that there is no standard time frame for the amount of time it takes to calculate and issue retroactive benefits, because it depends on the specific facts of the claim. Here, Yetter protested the wage calculation for purposes of the offset on June 24, 2022. The Department issued three orders thereafter reflecting changes to the different applicable rates of pay and effective dates before entering its final order on September 1, 2022 and issuing payment. Although Yetter complains that the Department delayed payment until its offset order was correct, because the statute required the Department to offset the benefits, that obligation encompassed a responsibility to do so accurately. *See* RCW 51.04.010 (legislative intent that injured workers are entitled to "certain" relief). Because Yetter failed to establish that the Department violated any statutory mandates, he offers no basis to warrant application of an equitable

remedy.[3]  The superior court did not err in granting the Department's motion for summary judgment.

As a final matter, because we affirm the superior court's order, Yetter is not the prevailing party and is not entitled to attorney fees under RCW 51.52.130.

We affirm.

WE CONCUR:

---

[3] Also, as the Department points out, although Yetter claims no statutory remedy exists to address administrative delay, he was entitled to file a writ of mandamus under RCW 7.16.160.  *See Dils v. Dep't of Lab. & Indus.*, 51 Wn. App. 216, 220, 752 P.2d 1357 (1988).  And, to the extent that Yetter asserts he is entitled to a remedy based on equitable estoppel, he fails to establish that the Department's allowance of his claim was "inconsistent with a claim afterward asserted."  *See Colonial Imports, Inc. Carlton Nw., Inc.*, 121 Wn.2d 726, 734, 853 P.2d 913 (1993).